*259 OPINION of the Court, by
Ch. J. Boyle.
Deason recovered judgment in an action of debt against Talbot, and Johnson his appearance bail, and the latter died Deason sued out a scire facias to revive the judgment against the plaintiffs in error as Johnson’s exeeu-tors, and obtained judgment awarding execution against them ; to which they prosecute this writ of error.
Errors are assigned both in the proceedings in the original action and in those which were had in the scire facias, and it is contended for the plaintiffs in error that they have a right to avail themselves of the former as well as of the latter. However correct this position might be, were both judgments embraced by the writ of error, its correctnes cannot be admitted when applied to a case like the present, where the writ or error is brought to the last judgment only. A scire facias to revive may in some respects be considered asacontinu-ation of the original action, but it is in other respects in the nature of a new action : for an attorney in the ori-giaal action cannot appear in the scire facias without having a new authority, nor can the defendant plead any matter which might have been pleaded to the original action, It is true that the last judgment is" so far de-pendant upon the first, that if the first be reversed the *260 will necessarily fail. They are notwithstanding distinct judgments, to which we apprehend separate writs of error will lie : and if the first be affirmed on ⅝ wr¡t of error, "it vyill be no bar to a writ of error to the íast ’ nor £^e ^ast either affirmed or reversed, will it bar a writ of error to the first. This doctrine ij cor--' rect in regard to a scire facias to revive against the ori-S'1£la^ defendant, and much more is it so as it regards a iscire facias to revive against persons not before parties to the record. We cannot, therefore, consider our! selves warranted in noticing such of the errors assigned in this case as relate to the proceedings and judgment in the original action.
The first' objection to the proceedings on the scire fa-cias is, that the, writ is illegal, there not being fifteen days between the teste and the return day. We are not aware of anv law in force in this country making this necessary. The provisions of the laws of this state do not require that Writs in general should bear teste fifteen days before the return day, and the general regulations upon this subject must, we conceive, embrace writs of scire facias.
The second objection is thát it does not appear at whát time orhovy long before the return day or the rendition of the judgment this writ was executed. As the judgment was rendered at the term to which the writ was returnable, it is on this ground evidently erroneous! The act “ to regulate proceedings in suits at law and in chancery,*’ passed January 31st 1810, clearly embraces the present case 5 and by the 14th section of that act it !s provided that u if it shall not appear by the return of, the officer that the process was executed ten days before the return day, the cause shall be continued until the next term, unless both parties consent to a trial.” In this case the judgment was taken for want of an appearance of>the plaintiffs in error, which precludes the idea of its having been done by Consent.
Another objection is that the principal in the original action ought to have been joined in ths Scire facias. The objection we are of opinion cannot be sustained. A.t comnjon law where a joint judgment was had against several, and óñe of them died, the charge; as to the personalty survived, anda scire facias to réyivedid not lie against the executor or administíátor of the decéaseá *261 defendaíit: but by the act concerning partitions, joint lights and obligations, the representatiyes of one jointly bound with another, and dying in the lifetime of the latter, are made chargeable in the same manner as if they had been bound jointly and severally. In such a a case,it has been determined that an original action pan-not be maintained against the survivor and the administrator or executor of the decedent; and by a parity of reason an action by scire faciqs cannot be so maintain^ «d. The scire facias was consequently sued out properly against the plaintiffs in error alqne.
The judgment must be reversed with costs, and the cause remanded for new proceedings to be had not inconsistent with the foregoing opinion.