*429 Opinion of
the Court.
ON the 4th of March, 1816, the following article of agreement was executed, sealed and delivered, by the defendant, Strother, and the intestate, George Cardwell:
“ Whereas, George Strother purchased of George Cardwell, of Shelby county, two hundred and fifteen acres of land, in Gallatin county, on Crow creek, as appears by deed, bearing date the 22d day of February, 1804, for which said Strother paid in consideration therefor, one hundred and sixty-five pounds; and the *430 said Strother having been sued by John Howard for the said land, by an action of ejectment in the circuit court of Gallatin, and the said Strother being desirous of bringing said suit to a speedy determination, and the said Cardwell being equally anxious, doth now agree with the said Strother, that in case he should arbitrate or compromise with said Howard or his agent, that if the decision on said arbitration, should be against said Strother, and the land should be lost, the said Cardwell agrees to pay said Strother, the purchase money aforesaid, and interest thereon from the date of said deed. And it is agreed, that in case of compromise or purchase of said Howard’s claim by said Strother, that in that case, said Cardwell will pay whatever sum said Strother may agree to give, provided it does not exceed one hundred and sixty pounds; and it is further agreed, that in case no arbitration or compromise takes place, that, in that case, if said Strother defends said suit, with good faith, at his own costs and expence, and shall ultimately lose said land, the said Cardwell agrees to pay said Strother the purchase money aforesaid, with interest from the date of said deed, and without putting him to any further trouble of bringing suit. In testimony whereof, we have hereunto set our hands and seals, this 4th day of March, 1816.
Circumstances under which evidence may be introduced to show that a deed with special warranty was excuted under an expectation that it would, and with an intention that it should secure to the grantee the re-payment of the purchase money with interest, if the land should be lost
Where it appears impossible that any available defence could have been made at law, a confession of judgment by one bound by covenant to defend the suit with good faith, is no breach of covenant.
George Cardwell, (Seal.)
George Strother, (Seal.)”
Upon this agreement, Strother brought an action of covenant against the administrators of Cardwell. The declaration charges, that the ejectment suit brought by Howard was not settled by arbitration or compromise; but alleges, that Strother defended, at his own proper costs and charges, said suit, with good faith, and ultimately did lose the land, by the judgment of the Gallatin circuit court, &c. and avers the failure of Cardwell and his administrators, to pay the consideration, with interest, agreeable to his covenant, &c.
The administrators pleaded covenants performed, and issue was thereto joined; and by the mutual consent of the parties, an entry was made on the record, giving leave to each party to give in evidence, any matter which could be admissible under any competent plea or replication.
On the trial in the circuit court, Strother read in evidence, the deed of conveyance executed by Cardwell *431 to Strother, referred to in the agreement sued on, and which contains a special warranty against the claim of Cardwell and those claiming under him; and after also reading in evidence the agreement declared on, the counsel of the administrators of Cardwell moved the court to instruct the jury, that if they should be of opinion, that the article of agreement was executed by Cardwell, under the apprehension that he was bound by the condition and import of the deed of conveyance, to refund the purchase money, if the land should be lost by a paramount title, that they should find for the administrators; whereupon, Strother, to repel any such conclusion or inference, then offered to introduce parol evidence to prove that Cardwell in executing the deed of conveyance, intended to execute a deed to refund the purchase money with interest, and the parties to the deed, at the time of its execution, were of opinion, that the deed as drawn, would, in the event of the land being lost by a paramount title, be sufficient to coerce repayment of the purchase money with interest. To the introduction of which evidence, the administrators objected; but their objection was overruled, and the evidence admitted by the court.
Whether or not, the evidence was properly allowed to go to the jury, is the first question presented for the decision of this court.
It is quite obvious, that the evidence was incompetend to prove any fact involved in the issue made up by the parties. Under that issue, the only inquiry for the jury to make was, whether or not the covenant had been performed by Cardwell; and the admitted evidence can have had no possible tendency to illustrate the fact of performance. But in deciding on the competency of the evidence, we should not be governed by the issue joined; but, as by consent of the parties, permission was given to introduce on the trial, any evidence which could be availing under any admissible plea and replication, the evidence was properly allowed to go to the jury, if it conduced to prove any fact which might have been involved in any legitimate issue. That an issue involving such a fact might have been made up by the parties, is not difficult to conceive. Under the laws of this country, defendants are permitted to impeach or go into the consideration of sealed writings by special plea. The administrators might, therefore, have plead *432 ed that the agreement sued on, was executed by their intestate on no other consideration, than his supposed liability under the covenant of warranty contained in the deed of conveyance to refund the purchase money for the land and interest, in case the land should be lost by a paramount title, and have averred, that under that warranty, he was under no obligation to refund, &c. Such a plea would, no doubt, if true, be an available defence to the action of Strother on the agreement; for as in that case, the only consideration for the agreement would be the supposed liability of Cardwell upon his covenant of warranty, when, in point of law, he was under no such liability, the agreement could impose on Cardwell no obligation, as was held in the case of Ralston, &c. vs. Bullitt, 3 Bibb 261.
But the effect of such a plea, might, in reply, be repelled by denying that the agreement was executed on the consideration alone of Cardwell’s supposed liability under his covenant of warranty, and by alleging, that although the warranty imposed no liability, it was intended by the parties to the deed, that Cardwell should give a warranty which would compel him to refund the money with interest, in case the land should be lost by a paramount title, and that the deed was drawn under a mistaken conception of its legal import; and by averring the agreement to have been executed by Cardwell in consideration of the sale money received by him for the land, and to secure the repayment of that which he intended to secure by the deed, but which was not secured in consequence of the mistake in drawing the deed.
If, in point of fact, the deed of conveyance, through mistake, imposed less obligation on Cardwell than was intended by the parties, he was certainly under a moral obligation to correct the mistake, and that moral obligation is, in itself, sufficient to support the subsequent agreement to do what the parties originally intended should be done. But it was contended in argument, to ascertain the extent of Cardwell’s original undertaking, the deed of conveyance should alone be looked to; and as by the warranty contained in that deed, he was under no liability to refund the consideration money with interest, on the event of the land being lost by a paramount title, the import of that deed is intraversable, and parol evidence inadmissible to prove the intent *433 ion and understanding of the contracting parties, to be different from that implied by the deed. The argument would certainly be entitled to force, if the suit had been brought on the covenant contained in the deed. In that case, the legal obligation of Cardwell, would, no doubt, be measured by the words employed in the deed, and no additional obligation could be created by the introduction of extraneous evidence. But here, the suit is brought on an agreement made subsequent to the execution of the deed, and the averments which we have supposed might be made in the replication, come in aid of that agreement, and in answer to a plea which might be made, questioning the consideration of the agreement. Parol evidence of a mistake in the execution of a writing, has always been held to form an available defence against the specific execution of it, and the reason is equally strong in favor of the admission of such evidence to show the real consideration of a subsequent agreement made by the same parties.
It results, that the admitted evidence was calculated to illustrate the actual inducement and consideration of the agreement sued on, and was, consequently, properly allowed to go to the jury.
In the further progress of the trial in the circuit court, and after the evidence was gone through, it appearing that but part of the land had been recovered by Howard, the counsel for the administrators moved the court to instruct the jury, that if they believed from the evidence but part of the land had been lost, they ought to find against Strother; but the motion was overruled and the instruction refused.
We entertain no doubt of the correctness of the decision of that court, in overruling the motion. Without a loss of the whole land, Strother could not be entitled to recover the whole consideration with interest; but after the loss of any part, the covenant of Cardwell was broken, and damages recoverable for the part so lost.
From the record of the suit between Howard and Strother, given in evidence on the trial, it appeared, that judgment had been recovered by Howard for the land through the confession of Strother, and the court was asked to instruct the jury, that in consequence of the confession of judgment, Strother could not recover in this case. The court, however, refused the instruc *434 tions, and, we aprehend, correctly. Strother, no doubt, to entitle him to recover on the agreement with Cardwell, was bound to defend the suit brought by Howard, with good faith; but the evidence exhibited in that record, not only shows that he in fact so defended the suit, but it is apparent, that the title of Howard is paramount to that purchased by Strother from Cardwell, and no defence that could have been made could have defeated Howard’s recovery.
The court were, also, asked to instruct the jury, that if they believed from the evidence that the intestate, Cardwell, executed the agreement sued on, under the impression that he was bound by the covenant of warranty contained in the deed of conveyance, to refund the sale money and interest, in the event of the land being lost by a superior claim, and under that mistaken impression of his right he executed the said agreement, they should find for the administrators. The instructions were refused by the court, and, no doubt, correctly; for if, as we have seen, the obligation may be obligatory on the intestate, in consequence of its having been given on a sufficient consideration, though executed under a mistaken conception of the legal effect of the warranty contained in the deed of conveyance, it would have been unquestionably irregular to have given the instruction without hypotheticating it on the opinion of the jury, on the evidence in relation to the consideration.
Judgment reversed.