Opinion of the Court.
Weathers Smith, in his lifetime, having recovered a judgment in ejectment against Caldwell, Craig and Mitchell, for his term then to come, together with costs and damages, the heirs of Smith sued out a scire facias against the heirs of Mitchell, suggesting his death, to have execution against them, as well for the costs and damages as for the term to come. Judgment of eviction was awarded accordingly against them by default, to which they sued out a writ of error coram vobis ; on the trial of which, the circuit court reversed the judgment for execution, on the ground, that some of the heirs of Mitchell were infants; and having appointed a guardian to defend for the infants, at the same term rendered a judgment against the defendants, for the default of the guardian, in failing to plead. To reverse that judgment, the heirs of Mitchell have prosecuted this writ of error.
1. Various objections are taken by the assignment of errors. It is necessary, however, to notice only those which relate to the scire facias itself ; for that, we apprehend, is so fatally erroneous, that no proceedings to be had on it, can be sustained. Had the judgment in ejectment been obtained against Mitchell alone, the scire facias against his heirs, without joining his administrator or executor, would have been improper. We do not intend to say, that if the scire facias had been for execution for the term to come alone, it might not, in such a case, have issued against the heirs, without the personal representative ; but the scire facias, in this case, claims execution, not only for the term, but for the costs and damages recovered by the judgment in ejectment. Upon a judgment for costs and damages, recovered against the ancestor in *244 his lifetime, the heir, at common law, was in no manner liable; and although the heir is made liable, by the act of assembly subjecting lands to the payment of debts, he is only made so in a joint action against him and the personal representative. The scire facias would, therefore, have been defective, if the judgment in ejectment had been recovered against Mitchell alone; but it is still more so, inasmuch as the judgment in ejectment was, as appears from the scire facias, a joint one against him and others, and the scire facias is to have execution against his heirs only.
A joint judgment cannot be revived against the representatives of a deceased defendant, by scire facias, without making the survivors defendants. The scire facias must pursue the judgment, which being joint, the scire facias must be so also.
2. There is no doubt, where a joint judgment is obtained against several, and one of them dies, that an execution, upon suggesting his death, may issue against the survivors, without a scire facias to revive; but it is well settled, that a scire facias cannot issue to revive against the representatives of the deceased defendant, without joining the survivors ; for the scire facias being a judicial writ, must pursue the nature of the judgment; and that being joint, the scire facias must be so too—Patton vs. Hall, 2 Salk. 598.
Judgment reversed with costs, and the cause remanded, that a judgment may be there entered quashing the scire facias.