Opinion of the Court.
THIS was an action of debt, brought in the circuit court by Faris, for his own use and that of the *246 commonwealth, to recover against Heard the penalty imposed by law, for giving a challenge to fight with deadly weapons.
Statement of the case.
A declaration in debt, on the act against duelling, held to be sufficient.
The challenge must be stated in the declaration, to have been given in the state of Kentucky.
1. The declaration is as follows, viz.
Scott County and Circuit, Sct.
Moses A. Faris, who sues as well for the commonwealth of Kentucky as for himself, complains of Morgan A. Heard, in custody, &c. of a plea that he render unto our said commonwealth and the said M. A. Faris, who sues as aforesaid, the sum of five hundred dollars, which he owes to and unjustly detains from the said commonwealth and the said Faris, who sues as aforesaid, for this, to wit, that the said defendant, on the day of October, in the year 1820, in the county and circuit aforesaid, did, by word, challenge him, the said M. A. Faris, to fight a duel with pistols, contrary to the act of assembly in that case made and provided; whereby, an action accrued to the said Faris who sues as aforesaid, to require and to have the aforesaid sum of money. Nevertheless, the said defendant, although often required, hath not paid the aforesaid sum to said commonwealth or the said Faris, who sues as aforesaid, or any part thereof, but the same to pay hath entirely failed and refused to the damage of the plaintiff; wherefore, he sues, &c.
Not guilty was pleaded by Heard, and issue joined thereto by Faris. A trial of the issue was had, and the jury found Heard guilty, and assessed the fine to $500. Upon the verdict of the jury the court rendered judgment “that the plaintiff recover of the defendant five hundred dollars, the debt in the declaration mentioned, one half to the use of the commonwealth and the other half to the use of the said plaintiff, also, his costs in this behalf expended, and have execution therefor, or that the said defendant shall suffer twelve months imprisonment without bail or mainprise,”
To reverse that judgment Heard has prosecuted this writ of error.
2. It is objected that the declaration is insufficient in not alleging the challenge to have been given in the state of Kentucky. That the challenge must have been given in this state, to subject Heard to the penalty of the act under which this action is brought, will not he controverted by the court. But the allegations contained in the declaration, we apprehend, must be un *247 derstood to charge the challenge to have been given in this state. The declaration, it is true, contains no express averment, that the challenge was given in the state of Kentucky, but it alleges the challenge to have been given in the county and circuit of Scott, and the court is bound judicially to know, that the county and circuit of Scott is within the state of Kentucky, and whatever the court is bound judicially to know, need not be expressly averred in pleading.
But a statement, that it was given in the circuit and county of Scott, is a sufficient allegation of that fact ; for the court must know, judicially, that they are in Kentucky.
An example of a judgment against the defendant, held sufficient.
No costs can be recovered of the defendant in such action.
It is also objected, that the judgment is irregularly rendered against the defendant Heard. Except as to the costs, however, no objection is perceived as to regularity of the judgment. Besides the costs, the judgment barely requires of Heard, the payment of five hundred dollars, or to suffer twelve months imprisonment, without bail or mainprise ; and the act of this country expressly declares, that any person convicted of giving a challenge, by word or writing, to fight at sword, pistol or other deadly weapon, shall forfeit and pay five hundred dollars, or shall suffer twelve months imprisonment without bail or mainprise.
3. But as respects the costs, we are of opinion the judgment is erroneous. At common law, costs were never recoverable, and the statute giving costs to plaintiffs never has been construed, and we suppose, ought not to be construed, to authorise costs to be recovered by a plaintiff, in an action brought to recover a penalty given by statute, when by the statute creating the penalty, no costs are given ; and when, too, the right to sue for the penalty is given by the statute, as in this case, to any person who may think proper to prosecute the suit.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and judgment there entered, not inconsistent with this opinion.