Chief Justice BrBB
delivered the Opinion of the Court.
Lasly sued John and William Booth, Upon a covenant, wherein the parties recité, that Lasly had sold a tract of land to John Smith, supposing at the time that it contained only two hundred acres, but it tm ns out to be a tract of three hundred and seventy one acres, that Lasly set up claim to the surplus of one'hundred and seventy-one acres, or to compensation for the surplus; which tract of land had been in like manner conveyed to John Booth, and part thereof had been sold to John Lane, who purchased of said John Booth; that William Booth had agreed to make compensation to said Lasly for the surplus, at two hundred dollars, payable in tobacco. So soon as the payment was made, Lasly to execute deeds to William Booth, of release and confirmation, for so much of said land as he was entitled to on the north side of the survey, and to John Booth, for the residue of the survey. >
The said John or William, were to have liberty to use the name of Lasly in any suit or dispute in relation to said land, upon condition that they, or either would indemnify said Lasly against all costs.
The said John or William to have the benefit arising from any suit, or dispute in relation to their respective interests in said land.
Lasly to refund the said sum, with interest, in case the land should be lost by any adverse conflicting claim.
The said John and William Booth, bound themselves to pay the said sum of $200, with interest from the 15th January, 1823, (the date of said covenant) in tobacco, inspected and delivered at Greens-burgh, or Akins’ inspection, in the month of March 1824.
Demurrer &c, ¿}efefa_eni ants,
Plea held in-
Fien, to the „yiga^ tion, shewing it was given gtVf a'olaim 0f whoso merits the deea, held insufficient,
The plaintiff assigned fox- breach, the noxx payment of the sum., and the failure to. deliver the tobacco.
The defendants craved oyer of the writings px\offe.red, and demurred; they filed also thx-ee other pleas; to one of which, (No. 3.) the plaintiff demurred; the defendants joined in demurrer; thereupon judgment was rendered for the defendants, the plaintiff having xnade no replication to the other pleas of the defendants.
The plea Nq, 3. alleges, that John Booth pxxrchased from Pembc-x'ton, the tract of land in gross, by survey, containing two hundred acres, which tract was conveyed by said Pemberton to said Booth, by deed with general warranty, for a valuable consideration; that said Pemberton had previously purchased, and received a conveyance from Smith, who had purchased and x;ecf'ived a conveyance in like manner from Lasly th.e plaintiff; that at the time of defendants’ pixrchase from Pemberton, and the payment of the consideration, t,he defendant had no notice of any claixn or equity of the plaintiff to the sxxrplus, over.and above the 200 acres, expx’essed in the survey and patent; that thecovexxant on the part of the defendant was executed in consideration of the plaintiff’s covenant to convey and relinquish to them the surplus aforesaid, and for no other consideration; whatever..
It is worthy of remark, that the plea does not negative the right of Lasly against his vendee Smith, to have the- surplus or compensation therefor; but pleads ignorance, on the part of Booth at the time of his pixrchase from Pernberton, of Lasly’s equity. Ignorance of any fact, bearing upon, or or- affecting the agreement sued on, at the date of that agreement, is not pretended; no fact, touching the merits and basis of that agreement has been discovex’ed since; the defendants were as well informed of the facts before that agreement as they now are. This distinguishes the case from that of Ralston and Sebastian vs. Bullitt, (3 Bibb, 261.) Ralston pleaded that at the execution of the bond to Bullitt, for the amount of the bill of exchange, he was ignorant *380 that he had been discharged from, his undertaking as endorser of the hill by the ne0ligenco of Bullitt.
When the plea appears judicially to the court, from the pleadings, and deed of the defendant, to be false, it may be adjudged ill on demurrer.
Mandate.
That the defendants were ignorant, at the time of their purchase from Pemberton, of the equity of Lasly the plaintiff, to have the surplus or compensa^ tion does not affect the agreement of the defendants with Lasly of the 15th Nov. 1823. Then they xvere not ignorant that at the date of their previous purchase from Pemberton, they had no notice of the equity of Lasly; then they were as fully informed as to all the facts upon which Lasly’s claim depended, as they were at the time of their defence to the action; with a knowledge of all the facts, they stipulate to pay Lasly the sum Of two hundred dollars, for, and in consideration of, the liberty to use Lasly’s name in'any suit or dispute in relation to the surplus, they to have the benefit arising therefrom; as well as in consideration of Lasly’s agreement, to release and assign his claim to them, to execute a deed to them for the surplus, by way of “relinquishment or confirmation,” and to be responsible for the sum with interest, in case the land should be lost by reason of any adverse interfering claim.
The plea is insufficient to impeach the compromise, according to the principles adjudged in the case of Taylor vs. Patrick (1 Bibb, 168.) And so far as the plea alleges that the covenant on the part of Lasly, to convey and relinquish to them the surplus land, was the sole consideration of the covenant on the part of the defendant it is false, and contradictory to the express'stipulations in the writing sued on, and mutually signed and sealed by the plaintiff and the defendants. It appears to the court judicially upon tile pleadings, that the defendants had pleaded a false plea. Upon the question of the sufficiency of the plea of the defendant, the court ought to have ruled it in favor of the plaintiff; upon the question of the sufficiency of the declaration, no cause of demurrer is perceived.
It is therefore considered by the court, that the judgment of the circuit court he reversed and annulled; that the cause be remanded, with directions to rule the questions upon the demurrers, to the dec *381 íaration, and to the plea numbered three, in favor of the plaintiff, with costs of the demurrers; and that the court proceed according to the principles of law, to dispose of the pleas numbered two and four.
Muyest for plaintiff; Depew, for defendants.
It is further considered that the plaintiff recover of the defendants, his costs in this behalf expended.