3udge Miuls
delivered the Opinion of the Court!
The plaintiff below obtained a judgment in debt, by petition and summons against Hardin Gray and William Conner. Gray departed this life, and plaintiff in the judgment issued a scire facias to revive the judgment against both the administrators of Gray and Conner the surviving defendant. The defendants in the scire facias demurred, and the court gave judgment against them, to reverse which this writ of error is prosecuted.
The only question made by the assignment of error, and presented to our consideration is, that there was a misjoinder of parties; that the personal representatives of the deceased defendant could not be joined with the survivor, for the purpose of reviving the judgment; and to support this position the case of Johnson’s heirs vs. Deason, 3 Bibb, 260, and 1 Chitt. plead. 37, is cited and relied on.
it is true that in the case of Johnson’s heirs vs. Deason, a scire facias against the representatives of a deceased defendant, omitting the survivor in a joint j udgment, was sustained- But more recent decisions have made the survivor a necessary party, and have declared a scire facias invalid without them; see Mitchell’s heirs vs. Smith’s heirs, 1 Litt. Rep. 243; Holder’s heirs vs. Commonwealth, 3 Marsh. 410.
Judgment in such case ought to be several.
Crittenden, for plaintiff; Wickliffe, for defendant-
The reason assigned why the representatives of one joint defendant cannot be united with the survivor, is, that the judgment must be against one in their representative character, and also against the other in his own right. This difficulty is, however, easily obviated by the doctrine that a joint scire facias does not require necessarily, a joint judgment, but the judgment that the plaintifi' have execution may be several, against each, and ought to be so, where one is liable individually and the other in a representative character. Such a judgment has been rendered in the present instance, and there is, therefore, no error therein and it is consequently, affirmed with costs.