Per Curiam.
The real question in this case is, who shall bear the loss of the 5001. in consequence of the bankruptcy of Williams. Wiggin, upon looking into the books of Williams and finding a balance in favor of Draper & Stone, who were not parties to the bill, pays the bill for their honor, probably mistaking them for Stone & Kent. Wiggin thus became the holder. It was incumbent on him to see that the proper notices were given to the parties against whom he intended to claim. No notice of the dishonor was ever given to Grosvenor the drawer ; and Wiggin, finding that he made a mistake in regard to Draper & Stone, brings this action in the name of Grosvenor, in order to recover of the defendant, who, it is said, has received the goods, but has not paid for them.* I
As Grosvenor had no notice, Wiggin could have no remedy against him on the bill. If Grosvenor was acting on his own account, he might waive the want of notice so far as regards himself, but not as regards the defendant; but if he was the agent of the defendant in drawing the bill, the case should be considered the same as if the defendant had actually drawn it and the holder had given him no notice of its" dishonor. It would be the common case where a party is discharged by the loches of the holder. The letter of November 12, 1825, to Stone & Kent, would not excuse the want of notice to the drawer.[1]
It is said that Grosvenor drew the bill when he had no funds in the hands of Williams, and so was not entitled to notice. But this principle does not apply. He had good reason to expect that Stone & Kent would have funds there subject to his order; and further, Williams had agreed to honor his *86 drafts ; he was therefore entitled to notice. French v. Bank f Columbia, 4 Cranch, 141.[2]
Grosvenor’s agreement with Wiggin is not to prejudice the defendant. He has no right to call on the defendant, if .he has waived any defence which the defendant, if he had been the drawer, might have made.

Nonsuit made absolute.

 See Martin v. Jngersoll, ante, 1.

 See Wallace v. Agrij, 4 Mason, 336.

 See Bayley on Bills, (2d Am. edit.) 306; Austin v. Rodman, I Hawks 195 ; Campbell v. Pettengill, 7 Greenleaf, 126 ; Hill v. Norris, 2 Stewart & Porter, 114. The burden of proof is on the holder of a bill, to show that the drawer had no funds in the drawee’s hands, in order to excuse want of notice. Baxter v Graves, 2 A. K. Marshall, (Ken.) 152; Ralston v. Bullits, 3 Bibb, 261