Johnson C. J., delivered the opinion of the court. Th.e appellant contends that the circuit court erred ip sustaining the appellee’s demurrer to his pled of no consideration, The plea is in general terms, that the instrument sued upon was executed without any consideration whatever-. The appellee, on his part, insists thaf the plea is wholly insufficient in law as there is an entire failure to set up any facts which would go to show a want of consideration. The 74th section of chapter 116, enacts that “in any suit founded on any instrument or note in writing under the seal of the person charged therewith, the defendant may by special plea, impeach or go into the consideration pf such writing in the same manner as if such' writing had not been sealed,” The Kentucky statute, passed in 1801, is substantially, if not literally the same as the one referred to; and consequently adjudications.upon the one qre strictly applicable to the other. In the case of Rudd vs. Hanna, 4 Monroe 531, the court say that ‘.‘as early as 1814, in the case of Ralston and Sebastian vs. Bullit, 3 Bibb 261, the plea of no consideration to an obligation was judged permissible under the statute authorizing the defendant, by a special plea, to impeach or go into the consideration of such bond in the same manner as if said writing had not been sealed. That decision has been followed in many cases. It has become a rule of contracts, the known and long standing doctrine of pleading, so settled that we do not feel, ourselves at liberty to overturn it.” The same doctrine has been recognized and acted upon by the same court in a series of decisions. See Boone vs. Shackleford, 4 Bibb. 68. Coleman vs. Harper, 1 Marsh. 602. Coyle's ex'rs. vs. Fowler, 3 J. J. Marsh, 473. If the plea, instead of denying any consideration whatever, had charged an illegal consideration, either because it was malum, in se or malum prohibitum, as for future illicit cohabitation, gaming, or usury, it would have been necessary to aver the facts, so that the plaintiff might be notified of the specific ground of defence, and the court might be able to determine on the facts stated, whether the consideration was illegal or not; and consequently, whether the matter relied on in the defence, could bar the action, In such a case a .defendant would not be allowed to plead generally that the consideration was vicious or illegal. This would be pleading a deduction of law, and not the matter of fact from which the conclusion of law may be drawn by the court, The statute authorizes specialties to be impeached by plea in the same manner as writings without seal were impeachable at common law. It, therefore, allows a plea denying that there was any consideration in fact, or a plea showing the consideration had failed.. The rulé laid down in the case of Hynson et al. vs. Dunn, 5 Ark. R. 395, cannot be considered as having any analogy to the case now before us. In that case the defendant interposed a general plea of fraud, and the court very correctly pronounced it bad, because the party, whose conduct is sought to be impeached, has an unquestionable right to be apprised of the facts which constitute the fraud; otherwise he might be taken by surprise on the trial. The plaintiff below in this case could not possibly be taken by surprise by the plea, because he is presumed to know the consideration. The case is wholly different where the defence is either fraud or failure of consideration, as the plaintiff cannot be presumed to know how the failure happened or in what the fraud consists ; and it is, therefore, too uncertain to require from him a replication. A plea that the consideration had failed, without showing how, is not good. Coleman vs. Harper, 1 Marsh. 602. The reason assigned by the court is that the plea is too uncertain. This is one very good reason, but another as good and perhaps better, might be added to it, and that is, that whether the consideration had failed or not, must b’e determined by the law from facts; and it is, therefore, necessary that the facts should be stated by the plea. See Harrison vs. Wilson, 2 Marsh. 545. If the facts are set forth they may not amount to a failure of consideration, and if so, the court would decide that the plea is ineffectual. We, therefore, think it clear, from the whole current of authorities, that the plea of the defendant below is sufficient in law, and that consequently the circuit court erred in sustaining the demurrer to it. For this reason we think that the judgment of the circuit court of Benton county herein rendered, ought to be reversed. Judgment reversed.