## JORDAN v. ABERCROMBIE & THOMPSON.

1. Where a defendant in an action of trespass to try titles, in which a judgment has been rendered against him for the recovery of the land, and damages for its occupancy, sues out a writ of error, and dies, the suit must be revived in the names of the heirs and personal representatives of the deceased.

Error to the Circuit Court of Macon. Before the Hon. Nathan Cook.

THE facts in this case are set out fully in the opinion delivered by the court.

BELSER, for plaintiff in error.
McLESTER and COCKE, contra.

COLLIER, C. J.—The defendants in error instituted an action of trespass against the plaintiff, as well to try the title to a tract of land, particularly described in the indorsement on the writ and in the declaration, as to recover damages for its occupancy. Upon a trial on the general issue, there was a verdict and judgment for the plaintiffs below, that they recover the land, with six hundred and thirty dollars damages, besides costs. The defendant sued out a writ of error to this court, and died; and a motion is now made that the cause in this court be revived in the names of the heirs and personal representatives.

By a statute passed in 1821, the fictitious proceedings in an action of ejectment were abolished, and the action of trespass substituted as the mode of trying title to land, in which the plaintiff, is required to indorse on his writ, and the copy thereof, that the action is brought as well to try titles as to recover damages. The laws in respect to the action of ejectment, except the fictitious proceedings are declared to be applicable to the substituted remedy; and if the plaintiff is successful, it is declared that he shall be entitled to an action for

Jordan v. Abercrombie and Thompson.

the possession, as well as for costs and damages. Clay's Dig. 320, § 43, 44, 45. The act of 1835 gives to the plaintiff, the action of ejectment or trespass to try title, at his election, and provides, that " When the action of ejectment shall be brought, it shall be lawful, and it shall be the duty of the jury trying the same, to assess the damages in favor of the real plaintiff, as in actions of trespass to try title." Clay's D. 320, § 46. By the act of 1802, it is declared, that no suit shall abate by the death of either plaintiff or defendant, where the cause of action survives, and provides the mode for its revival. Clay's Dig. 313, sec. 1.

In the State ex rel. Nabors' heirs, 7 Ala. Rep. 459, it was decided, where the plaintiff in an action of trespass to try title dies *pendente lite*, the suit does not abate ; but if brought for the recovery of the freehold, its prosecution may be continued in the name of the plaintiff's heirs ; and if a term of years, or mere chattel interest is sought to be recovered, in the name of his personal representatives. As the pleadings do not show the *quantum* of interest in controversy, the heirs or personal representatives, as they may agree between themselves, may be made plaintiffs, their right to recover depending upon the proof as adapted to their respective interests.

The case cited does not determine against whom the action shall be revived, where the defendant dies after the recovery of a judgment against him. This is a question *res integra* in this court, and must be determined by a reference to the interests involved, and to the parties to be affected by the judgment. It is our duty, if possible, to give effect to the legislation on the subject, so as to make the remedy effectual.

In Kentucky, the plaintiff in ejectment is entitled to recover, not only the land in controversy, but costs and damages also. It has been there held, a judgment in ejectment for the term, with damages and costs, cannot be revived by *scire facias* against the heirs alone ; the personal representatives must also be made defendants. Mitchell's heirs v. Smith's heirs, 1 Litt. Rep. 243. The court said, " We do not intend to say that if the *scire facias* had been for execution for the term to come, alone, it might not in such a case, have issued against the heirs, without the personal representative ; but

the *scire facias* in this case, claims execution, not only for the term, but for the costs and damages recovered by the judgment, in ejectment. Upon a judgment, for costs and damages recovered against the ancestor in his life-time, the heir at common law was in no manner liable; and although the heir is made liable by the act of assembly subjecting lands to the payment of debts, he is only made so in a joint action against him and the personal representative." We have a similar statute, which gives to a judgment creditor a *scire facias* against the heirs and personal representative of the deceased debtor, to show cause why the lands of the ancestor should not be subjected to execution, where the executor or administrator has failed " to apply to the orphans' court for the sale of the real estate, for the purpose of paying the debts." Clay's Dig. 197, § 27.

In the case before us, if the title to the freehold is in controversy, it is clear that the heir is the proper representative of the deceased defendant, as it respects the lands; but he is not primarily liable to pay the damages and costs which have been adjudged. The administratrix is chargeable with the debts of her intestate, whether due by parol, or matter of record; the damages and costs recovered are as much a debt, as a judgment on a promissory note, or the note itself. To revive such a judgment we have seen that the heirs and personal representatives should both be made defendants. This is indispensable to give to the plaintiff complete execution of his judgment. If the defendant had died before the writ of error was sued out, or if the writ should abate, the plaintiff could only enforce his judgment after revival against the real and personal representative, and both the latter might unite in prosecuting a writ of error upon the order of revival. Why then should they not be allowed to revive the writ of error which issued in the life-time of the defendant, and thus make themselves parties to the judgment of the circuit court? Tho anomaly of uniting the heirs and personal representative, would not be more striking in the one case than the other.

Unless the course indicated be allowed, the judgment of the circuit court cannot be revised here. The heirs can only represent the land; the administratrix is the sole representative of the personal estate, and is chargeable with the pay-

ment of the damages and costs ; and each part of the judg-
ment must be represented, to authorize us to scan its correct-
ness—to affirm or reverse it, as the law may require.   We
cannot entertain one writ of error by the heir in respect
to the land, and another by the administratrix in regard
to the damages and costs.   This would be to permit seve-
ral writs of error to be sued out upon one judgment, thus
destroying its unity—a course of proceeding against all
precedent, in this court at least.

We therefore conclude, that the only mode in which the
remedy in this case can be made effectual, and the intention
of the legislature upheld, will be to allow the motion to re-
vive : and it is granted accordingly.