## LEONARD MOORE vs. BENJAMIN GARRETTSON.

A defendant cannot plead to a *scire facias* any matter which might have been set up as a defence to the original action, and hence he cannot so plead his discharge under the insolvent laws granted *prior* to the rendition of the original judgment.

If a *scire facias* recites as an absolute, unconditional judgment one which was rendered subject to the defendant's discharge under the insolvent laws, it is a fatal variance, and the proper mode to take advantage of it is by the plea of *nul tiel record*.

The office of a *scire facias* to revive a judgment is to reinvest it with all the powers, attributes and conditions which originally belonged to it, and which have been wholly or in part suspended by lapse of time or change of parties.

A judgment rendered subject to a discharge under the insolvent laws, should, when revived, be taken, subject to the same condition or qualification, and the discharge, to be availing, need not again be pleaded under the *scire facias*.

APPEAL from the Circuit Court for Allegany county.

This appeal was taken by the appellant from the judgment of the court below, (FREDERICK A. SCHLEY, Special Judge,) sustaining a demurrer to his plea to a *scire facias.*

The facts appearing on the record are fully stated in the opinion of this court. By an agreement of the counsel for the parties it appears, that the original judgment was recovered on the 10th of October 1843, subject to Moore's discharge under the insolvent laws. On this judgment a *sci. fa.* was issued in 1847, which was returned *scire feci;* and the defendant failing to appear, an unconditional judgment of *fiat* passed. In 1851, the *sci. fa.*, appearing in the record, was issued, reciting the original judgment in 1843 as an unconditional judgment, and the judgment of *fiat* in 1847. To this the defendant pleaded, as stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*William Price* and *Samuel M. Semmes* for the appellant.

This appeal opens the inquiry, whether or not a judgment obtained against an insolvent petitioner, subject to his discharge, is necessarily exonerated from such original condition or qualification by the subsequent default of the petitioner in failing to appear, after notice, to a *sci. fa.* issued to revive the same after a lapse of three years, and upon which a *fiat* is passed in course? In other words, whether a judgment that is qualified and conditional in its original structure and constitution will become absolute against the consent of the defendant, and without his knowledge, if revived by *scire facias* under a rule of court? The circuit court determined this question in the affirmative, upon the ground that the law had been so settled in Maryland by the late Court of Appeals; and the authority chiefly relied upon is understood to be the opinion of the court, delivered in the case of *Mullikin vs. Duvall,* 7 *G. & J.*, 355. Judge Stephens, at page 360, uses these words: "It seems to be settled, that the judgment obtained upon the *scire facias* is to be considered a new judgment;" and this *dictum*, which,

in the qualified sense in which the learned judge undoubtedly intended it to be understood, may be admissible, has been constantly received ever since, says the circuit court, as conclusive of the question. We do not think the opinion of Judge Stephens warrants such conclusion; and to show this, we repeat his words, to wit: "It seems to be settled, that the judgment obtained upon the *scire facias* is to be considered a new judgment." But we will add those other words with which he concludes his sentence, to wit, "and has all the legal attributes of the original upon which the *scire facias* was founded." These words, taken together, amount to nothing more than this: that in the opinion of Judge Stephens, the judgment obtained upon a *scire facias* revives the original judgment upon which the *scire facias* is founded. But will it do more? The learned judge does not say so. It is true, he says the judgment upon the *sci. fa.* is a new judgment; but it is new only in a limited sense. It is the original judgment *revived*—nothing more. The new judgment, so called, is but the old judgment resuscitated—a judgment inspired with new life, but the same as before in structure and constitution—possessing, says Judge Stephens, "all the legal attributes of the original." The date of the original is the date whence the new judgment operates. The execution to be issued thereon, if properly prepared, will recite the original judgment, and show that its object is to satisfy the original judgment. And if real estate be sold under the execution, the purchaser's title will be paramount all titles acquired under incumbrances created since the date of said original judgment. A *new* judgment is properly understood to be a judgment operating by and of itself from its own date, and altogether separate and distinct from other judgments, although such other judgments may be the cause of action whereon it is founded. Not so the new judgment, so called, in this case. This judgment is nothing more than the old judgment revived by the life restoring agency of a *scire facias.* It is merely the old man risen again. There has been no putting off the corruptible and putting on the incorruptible, but a resurrection of the same mortal body of frail and earthly material. A judgment *de novo* is a judgment not having any antecedent to look to—not relat-

ing to any older judgment, and made to operate from a date anterior to its own. But a *fiat* upon *sci. fa.*, issued to revive a judgment, does nothing more than restore the old judgment to the functions of life—acting somewhat as the renewal of a patent does, which does not create anew, but merely prolongs the existence of the original copy-right. The *scire facias* warns the defendant to appear and plead, not wherefore there should not be a judgment *de novo* between the parties, but such matter, if any he hath, as may be in bar of the execution; it is only a *quasi* continuation of the former suit brought merely to revive the former judgment, and is properly called a writ of execution. (See *Foster on Scire Facias*, 71 *Law Lib.*, 48, 49.) It was given in personal actions by the statute of *West.*, 2, (13 *Edw.*, 1, *st.* 1, *ch.* 45;) and in proceedings like the present, the *scire facias* is neither the commencement of an original action nor in the nature of original process. It is a judicial writ merely to continue the former suit; a writ preliminary to the issuing of execution on the judgment, made necessary by the plaintiff's delay in not having previously taken out execution within the time prescribed by law.

No counsel appeared for the appellee.

MASON, J., delivered the opinion of this court.

To a *scire facias* to revive a judgment, the defendant pleaded his discharge under the insolvent laws, granted *prior* to the rendition of the original judgment. The plaintiff demurred to this plea, and the court sustained the demurrer, from which the defendant appealed. Whether or not this plea was good, is the question presented on the present appeal.

It is a well settled principle, that a defendant cannot plead to a *scire facias*, any matter which might have been set up as a defence to the original action. The reason is, that if it were otherwise there would be no end to the proceedings. *Foster's Writ of Scire Facias*, 353, (63 *Law Lib.*, 305.) *Kemp vs. Cook, et al., Ante*, 305.

The *scire facias* in this case recites an absolute uncondi-

tional judgment, from which it would appear that the discharge under the insolvent laws, had either not been pleaded, or if pleaded, had proved an unavailing defence, otherwise the judgment would not have been *unconditional.* The discharge, as now pleaded, appears by the averments of the plea to have existed at the time of the rendition of the original judgment, and the plea was therefore manifestly erroneous, and the demurrer to it properly sustained.

But it appears as part of the case, though not as part of the pleadings, that the defendant's discharge was in fact pleaded to the original proceeding, and that the first judgment was rendered subject to that discharge. This being true, there was a fatal variance between the judgment actually rendered, and that recited in the *scire facias.* The first was a qualified, conditional judgment, while that recited in the *scire facias,* was absolute and unconditional: in other words, there was in fact no such judgment *of record,* as the one set out in the *scire facias,* and the defendant, instead of endeavoring to correct the error by pleading the discharge anew, if he had any redress, he should have pleaded *nul tiel record.* 2 *Evans' Harris,* 345.

The office of a *scire facias* to revive a judgment, is to reinvest it with all the powers, attributes and conditions which originally belonged to it, and which have been wholly or in part suspended by lapse of time, change of parties, or the like. Therefore a judgment rendered subject to a discharge under the insolvent laws, should, when revived, be taken subject to the same condition or qualification, and the discharge, to be availing, need not again be pleaded under the *scire facias.*

*Judgment affirmed.*