HENRY AUSTIN'S EX'ORS v. ABUT G. REYNOLDS' ADM'R.

Where a judgment is recovered against two and one dies, the judgment cannot be revived by *scire facias* against the survivor unless it is at the same time revived against the representatives of the deceased. And where the plaintiff obtained a *scire facias* against the survivor within the ten years, and on exception amended and made the representatives of the deceased also parties, but it was after the ten years had elapsed, it was held that the judgment could not be revived against either.

The proceeding by *scire facias* to revive a judgment in our practice, seems to be subject to all the rules which regulate such a proceeding in the system from which it is borrowed.

Appeal from Brazoria. The petition alleged that Andrews had departed this life. The amended petition making his representatives parties was filed June 16, 1852. The executions which had been issued on the judgment after its affirmance by the Supreme Court did not appear. The petition alleged that one was issued on the 13th April, 1841, and that

" subsequently other executions have been regularly and from time to time issued on said judgment."

*Alexander & Atchison,* for appellants.

*J. B. Jones* and *P. McGreal,* for appellee.

LIPSCOMB, J.   This was a proceeding by a *scire facias,* to revive a judgment obtained by Sawyer as administrator of Reynolds v. Henry Austin and Edmund Andrews, in Brazoria county.   The petitioner does not ask to revive the judgment against the representatives of Andrews.   The petitioner prayed to revive the judgment by service of *scire facias* upon Henry Austin, then a citizen of the county of Galveston, who died after the commencement of these proceedings, and his executors were made parties.   A demurrer to the petition was sustained on the exception that Andrews' representatives ought to have been made parties.

The plaintiff had leave to amend, and he then made the representatives of Andrews parties.   The defendants demurred, stating various grounds of exception.   The exceptions taken by the representatives of Andrews were sustained, and those by Austin's representatives were overruled, and a verdict and judgment against them for the amount of the judgment originally rendered, less by the amount perpetually enjoined, from which the executors appealed.

The main ground relied on to reverse the judgment is, that the revival should have been entered as the original judgment was rendered, jointly against the representatives of both Austin and Andrews, and not against one of them only.   That where a judgment has been awarded against several defendants, they must all be joined in the *scire facias* to revive the judgment, should it have become dormant by the omission to issue execution in due time, seems to have been held to be a sound rule of law in the English Courts for a long time back.

The case of Panton v. Hall was decided the first year of

William and Mary, and is reported by Salkald as follows, i. e. " A judgment in debt was recovered against A and B, and " *scire facias* awarded against the terretenants and the heir " of B. The Sheriff returned a *scire facias* to the heir and " returned several persons terretenants in *balliva sua* warn- " ed ; they appear and plead in abatement no *scire facias* " had been awarded against A. The plaintiff replied that " at such a time he sued out *scire facias* against A, and " set it forth. This replication was held naught on demurrer, " for a *scire facias* is a judicial writ, and must pursue the " nature of the judgment ; therefore, as the judgment is joint " so ought the *scire facias* ; whereas here they are as several " independent suits." (2 Salk. 598.) And several older author- ities are referred to. The case just cited was recognized as au- thority in Kentucky in the case of Mitchell's heirs v. Smith's heirs, 1 Litt. 243. The Court say, "There is no doubt, where a " joint judgment is obtained against several, and one of them " dies, that an execution, upon suggesting his death, may is- " sue against the survivors without a *scire facias* to revive ; " but it is well settled that a *scire facias* cannot issue to revive " against the representatives of the deceased defendant, with- " out joining the survivors, for the *scire facias*, being a ju- " dicial writ, must pursue the nature of the judgment ; and " that being joint, the *scire facias* must be so too." The judgment was reversed and the *scire facias* quashed. The case of Williams v. Fowler, (3 Monroe, 316,) is in principle very much like the one under consideration. After referring to other errors the Court proceeds, " But there is another " question raised by the assignment of errors, which it is pro- " per to notice. The *scire facias* is a joint one against all " the persons therein named, and it is contended that it should " have been discontinued as to all of the defendants upon its " being by order of the plaintiff abated as to a part of the de- " fendants. In the case of Coleman v. Edwards, (2 Bibb, R. " 595,) it was held not to be regular to take judgment against " one of two joint defendants in a *scire facias*, which was

" brought to revive a judgment after it had been discontinued " as to the other defendant.   The only difference between that " case and the present is, that in this the *scire facias* is " brought to have execution of a joint decree, whereas the *scire* "*facias* in that case was brought to have execution of a joint " judgment.   But the principle must, we apprehend, be the " same in both cases ; and if it were irregular in that case to " take judgment against one defendant after the *scire facias* " was discontinued as to the other, it must be equally irregu- " lar in this case, after the plaintiff had caused an abatement " of the *scire facias* as to part of the defendants, to proceed " further as to the others."   The judgment was reversed and the *scire facias* ordered to be dismissed.

If the doctrine of the cases cited be correct, the judgment of revivor in the case before us cannot stand, and no judgment could be rendered against the appellants, after the representatives of Andrews had been dismissed from the suit.   We do not say whether they were properly dismissed from the suit or not, because that question is not before us, but we only say that judgment on the *scire facias* could not be rendered against the appellants without its being at the same time rendered against the representatives of Andrews.   If the appellee, who was plaintiff in the Court below, lost all remedy against the estate of Andrews, by delay and negligence in the prosecution of his claim, and the record shows this negligence to have been very great, the consequence is that he has lost the remedy by *scire facias* to revive his judgment, but he has not lost all remedy.   Our statute authorizes a plaintiff in a dormant judgment to resort to one of two remedies, to revive by *scire facias*, or to bring an action of debt on his judgment. If he had lost the first, he ought to have pursued the second, and then he could have sued the testator of the appellants without suing the representatives of Andrews, because a new judgment would have been sought in the action of debt, and not the revival or renewal of the old one.

It appears from the record, that an execution was sued out

on the original judgment shortly after its rendition, which was levied on certain tracts of land. This execution was enjoined, and there was a decree perpetuating the judgment in part, and dissolving the injunction as to the balance; from which decree both parties appealed. The decree was affirmed, as appears from the mandate of the Supreme Court, dated 23rd February, 1841. The record does not show that any execution was ever issued after the affirmance of the judgment by the Supreme Court, nor any but the one that had been enjoined. The amended petition was filed on the 16th June, 1852. The decree modified the jugdment, and this judgment so modified, would bear date from the rendition of the decree, and execution ought to have been issued upon the judgment within one year from the modification, to keep up the lien. It was, however, appealed from, and consequently no execution could issue, pending the appeal. It ought, however, to have issued within the year from the affirmance and mandate of the Supreme Court, as there was no impediment from that time. Now if the filing the amended petition can be regarded in view of the effect of the statute of limitations as the commencement of the suit, it was barred by the statute of ten years. So far as the representatives of Andrews are interested, the amendment was, as to them, the commencement of the suit, and it was barred.

There would then be no use in sending the case back, as it could not be so amended as to have a joint revival of the judgment. In fact the Court erred in permitting the *scire facias* to be amended to make the representatives of the co-defendant a party. The *scire facias* ought to have been dismissed, when the defendants', the present appellants, exceptions were sustained, and the plaintiff could either have procured another *scire facias* or brought an action of debt, as he thought most expedient. The judgment is reversed and dismissed.

Reversed and dismissed.