## VON PUHL *et al. v.* RUCKER *et al.*

In a proceeding by *scire facias*, to revive a judgment in an action of right, and show cause why execution should not issue, a party to whom the property has been conveyed by the judgment defendant, subsequent to the judgment, and who is in possession, is a proper party defendant with the defendant in the judgment.

A party who receives title to real estate after the rendition of a judgment in an action of right, against his grantee, is not an innocent purchaser, without notice, and the plaintiff in the judgment is entitled to revive it, and have execution against such party.

In an action of right, the judgment is notice to all persons of the right of possession, as between the plaintiff and defendant.

The judgment on the *scire facias*, where it is sought to revive a judgment in an action of right, is, that the plaintiff have execution against the person succeeding to the possession. It is not a judgment of recovery.

### *Appeal from the Lee District Court.*

### TUESDAY, JUNE 15.

In April, 1851, the plaintiffs recovered judgment in an action of right against Ambrose Rucker, one of the defendants, for the possession of the north-west quarter of section ten, township sixty-six north, of range five west, lying in Lee county. No execution was issued on the judgment, and in the meantime, Rucker sold out his claim and possession to Garry Lewis, who, at the time of the commencement of this suit, claimed the land and improvements, and refused to surrender the possession to plaintiffs. In September, 1857, this suit was brought, to revive the judgment, and to have execution thereon, against Rucker, the original defendant, and Lewis, the tenant in possession. Lewis demurred to the petition, assigning for cause of demurrer, that he was improperly made a party. The court sustained the demurrer, and dismissed the suit as to Lewis, and the question as to the correctness of this ruling of the court, is the only one presented for consideration.

*Rankin, Miller & Enster*, for the appellants, cited the

following authorities :   7 Bac. Abridg., 141, *Scire Facias*, Letter 6 ; 3 Monr., 316 ; Petersdorff Abridg., *Scire Facias*; *Hanson* v. *Barnes*, 3 Gill & Johns., 366; *Amett* v. *Nichols*, 1 Harr. & Johns., 474.

*F. Semple*, for the appelles, relied upon 2 Troub. & Haley's Prac., 253 ; 16 Searg. & R., 425.

STOCKTON, J.—The plaintiff having lain by for five years after he had obtained judgment, without issuing execution, it becomes necessary for him to revive it against the original defendant, in order to have process for enforcing it. By the common law, the writ of execution was to be sued out within a year and a day after judgment perfected ; otherwise the court concluded, *prima facie*, that the judgment was satisfied, or execution released.   To overcome this presumption, the party was compelled to resort to his action of debt on the judgment.   By the statute of Westminster 2, (13 Edw. 1, ch. 45), the writ of *scire facias* was granted, to require the defendant to show cause why the plaintiff should not have execution against him on the judgment.   In real actions, the writ lay at common law, and by it the heir might revive and have execution of a judgment obtained by his ancestor.   So, also, it lay against him on a judgment obtained against his ancestor. Bacon's Abridgement, title *Scire Facias*, Letter 6.   The writ is a mere continuation of the original proceeding.   Its office is to reinvest the original judgment with all the powers, attributes, and conditions, originally belonging to it, and which have been wholly, or in part, suspended by lapse of time, change of parties, and the like.   *Vredenburg* v. *Snyder, ante*, 39 ; *Moore* v. *Garrettson*, 6 Maryland, 444.   When revived, it is of the same force and effect, and liable to be proceeded upon in the same manner, as if the time within which an execution might legally have been issued, had not been suffered to elapse. *Jackson* v. *Shaffer*, 11 Johnson, 513.   The defendant may plead such matter

as he has to allege, why execution should not issue. He cannot, however, assign errors in the original judgment, nor controvert the title established by it. *Johnson's Ex'rs* v. *Deason*, 3 Bibb, 259; *Bradford* v. *Bradford*, 5 Conn., 127; *Lessee of Penn* v. *Kline*, 1 Peters, C. C., 446. Nor can he plead any matter which might have been set up as a defence to the original action. The reason given is, that if it were otherwise, there would be no end to the proceedings. *Kemp* v. *Cook*, 6 Maryland, 307; *Moore* v. *Garrettson*, Ib., 447.

The recovery in the original action in this case, was of the possession of the land; and this possession the plaintiff might have delivered to him under the writ of *habere facias possessionem*, which is the writ of execution in possessory actions. The possession to be given by the sheriff, is a full and actual possession, and he is armed with all power necessary to this end. Adams on Ejectment, 340, 342, fourth edition, 1850. The defendant in the writ cannot, in general, transfer his possession, so as to defeat the execution. *Jackson* v. *Tuttle*, 9 Cowen, 233. Any one purchasing, or taking possession, after the judgment, may be turned out by the sheriff, in consequence of his privity with the original defendant. Such tenant is not a necessary party to a writ of *scire facias* to revive the judgment. *Lumsford* v. *Turner*, 5 J. J. Marshall, 105. When the original defendant, however, is dead, the terre-tenant must be made a party. 2 Tidd's Practice, 1171; 2 Paine and Duer's Practice, 69; *Jackson* v. *Shaffer*, 11 Johns., 513; Adams on Ejectment, 415.

The successor in interest of the original defendant, must, in case of his death, be made a party defendant in his stead, and execution awarded against him. Where the estate is a chattel interest, the administrator must be made a party. *Mitchell* v. *Smith*, 1 Littell, 245. Where it is a fee simple estate, the *scire facias* must be against the heirs; and it is laid down as a general rule, that in all cases where the inheritance, or freehold, is to be affected, the tenant of

the freehold is to be made a party. 7 Bacon's Abridgement, title *Scire Facias*, 141.

In *Hanson* v. *Barnes*, 3 Gill & Johnson, 359, the general principle is admitted to be, that "where a new person is to be benefitted or charged by-the execution of a judgment, there ought to be a *scire facias* to make him a party." The question before the court in that case, however, was whether the death of the defendant before the levy of a *fieri facias*, issued and in the hands of the sheriff before his death, rendered a *scire facias* against the heirs and terre-tenants necessary; and whether a sale under the *fieri facias* thus issued and thus levied, passed any title to the purchaser. The principle announced, must be understood as applying only in case of the death of the original defendant. If a *scire facias* against the terre-tenants were necessary in every case of alienation of the property, then successive alienation, or change of possession, migh defeat the plaintiff *ad infinitum*. After the process is regularly in the hands of the officer for execution, it will not be necessary, even in case of the death of the defendant, and descent cast, to make the heirs and terre-tenants parties. 3 Gill & Johnson, 366.

It is objected by the defendant, Lewis, that the plaintiffs are not entitled to revive the judgment, and have execution thereon against him, for the reason that he is an innocent purchaser, without notice, and has acquired his title to the land from Rucker, subsequent to the judgment sought to be revived. The judgment was notice to all persons of the right of possession as between the plaintiffs and Rucker; and as the demurrer admits that Lewis purchased of Rucker, the original defendant, since the judgment, and holds possession under him, he has no claim to be considered a purchaser without notice. The judgment determined all questions of the right of possession, so far as Rucker was concerned. The plaintiffs had the right to have this possession delivered to them on this judgment. Upon this demurrer, Lewis stands as in the place of Rucker, having received his possession from him;

and, although it may not have been necessary for the plaintiffs to make Lewis a party, in order to turn him out, yet, having done so, we do not see that he is entitled to complain. Having made himself a party, in fact, by his purchase and entry into possession under Rucker, he cannot object to being made a party of record; at any rate, so far as to have execution awarded against him on the *scire facias.*

The judgment on the *scire facias* is, that the plaintiff have execution against the person succeeding to the possession. It is not a judgment of recovery. 4 Monroe, 731.

Judgment reversed.