## WRIGHT v. PARKS.

1. TRANSFER OF PROPERTY OPERATES AS AN ASSIGNMENT OF A JUDGMENT. Where E. recovered judgment for possession in an action for the recovery of real property against P., and afterward sold the property to W. without assigning the judgment on the record; *held*, that the grantee of the judgment plaintiff by the purchase of the property, became the real party in interest, and could properly revive the judgment by *scire facias*.

2. VERIFICATION OF PETITION FOR SCIRE FACIAS. A petition in *scire facias* may be verified by plaintiff's attorney.

*Appeal from Lee District Court.*

SATURDAY, APRIL 7.

A statement of the facts involved in this case, appears in the opinion of the court.

*F. Semple* for the appellant, relied upon *Harrison* v. *Kramer*, 3 Iowa 558; *Farwell* v. *Tyler*, 5 Ib. 539, Code, section 1750, 1744–1746, 2177; *Stannard* v. *Mather*, 7 Howard Pr. R. 4; *Treadwell* v. *Fassett*, 10 Ib. 184; *Hubbard* v. *National*

*Protection Insurance Company*, 11 Ib. 149; *Mead* v. *Gleason*, 13 Ib. 309; *Wilkins* v. *Gilman*, Ib. 225.

*Rankin, Miller & Enster* for the appellees.

I. The first demurrer should be disregarded as too general. It does not set forth any specific ground of demurrer. 3 G. Greene 358, 564; 4 G. Greene 510; 1 Iowa 521; 5 Iowa 15, 521; *Crouch* v. *Crouch*, 9 Iowa 269.

II. The judgment was for the possession of land. The right to the possession passed from Estes to Wright by the conveyance of the property. He has the legal title and the equitable right to use the judgment to recover the possession. *Von Phul* v. *Rucker*, 6 Iowa 187; 7 Bac. Abr. 141, *Scire Facias*, C; 3 Monroe (Ky.) R. 16, Pet. Abr. *Scire Facias; Harrison* v. *Barns*, 3 Gil. & John. 366; *Arnett* v. *Nichols*, 1 Harr. & John. 474.

BALDWIN, J.—This is a proceeding by *scire facias* to revive a judgment for the possession of certain land. The original judgment was rendered in favor of J. L. Estes. Plaintiff in his petition claims to have purchased the land of Estes, and by such purchase became the legal owner, and entitled to the possession thereof.

The defendant demurred to the petition, and assigned as cause of demurrer, that the petition did not allege that the judgment had been assigned by Estes to plaintiff, and also that the petition had not been properly verified. The appellant in his argument, also urges before this court that this petition is defective, for the reason that no copy of the judgment sought to be revived is annexed thereto. This point is not stated as a cause of demurrer, and is not properly before this court.

We do not consider that it was necessary for the plaintiff to have become the assignee of the judgment upon the record, to entitle him to bring this proceeding. He became the owner of the land and had the right to the possession of the

same by virtue of his purchase from Estes; he had purchased all of Estes' rights therein ; and Estes by such sale ceased to be the real party in interest in this judgment. Plaintiff had by purchase the legal title and the equitable right to use the judgment to recover this land, and we conclude is a proper party to this suit. 6 Iowa 187.

It is objected that the petition is not sworn to by plaintiff, or some one who shows himself authorized to state on oath that the judgment was not satisfied. The judgment is for the possession of the land. It is averred in the petition that the defendant was in possession of the same, and this is not denied but is admitted by the demurrer. The party making the affidavit could have had ample means of knowing the judgment was not satisfied. But it is admitted that the party making the affidavit was an attorney for plaintiff. Section 2177 of the Code also provides that this affidavit may be made by an agent or an attorney as well as by the plaintiff.

Judgment affirmed.