MARGARET CARSON v. JAMES C. MOORE, ADMINISTRATOR.

Where a judgment, on a *scire facias* to revive a dormant judgment, names one of the defendants, as a plaintiff, this, though a clerical error, requires that the judgment should be reformed.

A *scire facias* is a judicial writ, and must pursue the nature of the judgment; if that be joint, the *scire facias* must also be joint.

When a plaintiff desires, for any sufficient cause, to revive a judgment, without joining all the defendants, his remedy is by action of debt.

ERROR from Bowie. Tried below before the Hon. William S. Todd.

This was a proceeding by the defendant in error to revive a judgment recovered by him, as the administrator of Charles Carson, deceased, in the District Court of Bowie county, on the 4th of September, 1852, against S. H. Rhodes, and the plaintiff in error, for $1994.94, upon which it appeared execution had never issued.

The original judgment was founded on the bond of Rhodes, as principal, and the plaintiff and others not sued, as sureties for the payment of the purchase-money for a negro bought by Rhodes, of the defendant in error, as administrator, &c. The *scire facias*, issued on the 6th of December, 1855, and was directed

to both the defendants in the original judgment, but was only served on the plaintiff in error.   The entry of judgment on the *scire facias,* (after overruling exceptions taken thereto by the plaintiff in error,) as set out in the record, was as follows, to wit: " It is ordered, adjudged, and decreed, that the judgment rendered by this court, on the 4th day of September, 1852, in favor of the plaintiff, administrator of Charles Carson, deceased, and *S. H. Rhodes,* for the sum of $1994.94, is hereby revived, and of full force, &c."

*Pirkey & Estes,* for the plaintiff in error.

*Mills & Moore,* for the defendant in error.

*Samuel F. Moseley,* also for the defendant in error.

WHEELER, C. J.—The judgment of revivor is so imperfectly and erroneously rendered, that it cannot be affirmed.   It names one of the defendants, in the original judgment, as plaintiff. This is a clerical mistake, doubtless, but it would require that the judgment be reformed, by reversing, and rendering the proper judgment, if there were no other irregularity in the proceedings.

But the objection to the rendition of the proper judgment is presented, that the original judgment was rendered against two jointly, and the *scire facias* to revive, appears to have been served upon but one.   The question arises, can the judgment be revived against one only?   The authorities upon this question were examined in Austin v. Reynolds, 13 Texas Rep. 544.   The result seems to be, that where a joint judgment has been recovered against several, it cannot be revived by a *scire facias* against one ; for the *scire facias* being a judicial writ, must pursue the nature of the judgment; and that being joint, the *scire facias* must also be joint.   It seems to have been the opinion of the court in that case, that the plaintiff could not dismiss as to a defendant not served, in a proceeding by *scire facias ;* and

that where he desires, for any sufficient cause, to revive a judgment against one or more of several, without joining all, his remedy is by an action of debt on the judgment. (13 Texas Rep. 547.)

The *scire facias* in this case was joint, but was served upon but one of the defendants. The judgment, manifestly, cannot be revived against the defendant not served; and he appears to have been the principal in the obligation on which the judgment was recovered. It might work a hardship upon the other defendant, to revive the judgment against her alone, if it were competent to do so. We are of opinion, therefore, that the judgment be reversed, and the cause remanded to perfect service, and for further proceedings.

Reversed and remanded.