## W. F. HENDERSON v. S. VANHOOK.

A dormant judgment against two joint defendants, cannot be revived as to one of them alone, without joining the other in the proceeding for that purpose, or his legal representatives, if he have died since the rendition of the judgment; a judgment rendered on a *scire facias*, against the survivor in such case, will be reversed.

ERROR from Navarro.  Tried below before the Hon. N. W. Battle.

This was a suit to revive a judgment, commenced by a petition for *scire facias*, by Solomon Vanhook against William F. Henderson.

The petition alleged, that the plaintiff, on the 10th day of October, 1856, in said court, recovered a judgment against the said Henderson and Edward H. Tarrant, for the sum of $2,598.73; that the said Tarrant was then, (at the commencement of this suit,) deceased, and that more than a year had elapsed since the rendition of the judgment, without the issuing of any execution thereon, whereby it had become dormant.  The representatives of Tarrant were not made parties defendant.

The defendant, Henderson, answered the writ of *scire facias*, citing him to show cause why the judgment should not be revived against him, and demurred to the petition and writ; and as special ground of exception, assigned the non-joinder of the administrator of the estate of Edward H. Tarrant, deceased.

The demurrer was overruled, and judgment rendered in favor of the plaintiff, reviving the judgment against the defendant Henderson; which ruling was here assigned for error.

*W. H. Neblett*, for the plaintiff in error.

*C. M. Winkler*, for the defendant in error.

BELL, J.—The court below erred in overruling the demurrer

of the defendant, Henderson, to the plaintiff's petition. The administrator of Edward H. Tarrant, deceased, should have been made a party to the suit to revive the judgment. For the law of this case, it is only necessary to refer to the case of Austin v. Reynolds, 13 Texas Rep. 544. The judgment of the court below is reversed and cause remanded.

Reversed and remanded.