## J. B. & J. S. WYGAL v. SCOTT MYERS ET AL.

### No. 2885.

1. **Judgment.**— In a proceeding for the benefit of minors begun and prosecuted by the parent as *prochein ami,* when the judgment is rendered in the name of the plaintiff, as follows, "Lucretia Johnson, the mother and next friend of the minors (naming them) etc., do have and recover," etc., no interest in the judgment in her own right is thereby vested in the mother. The recovery was in her representative character, and for the benefit of the minors, and the judgment is admissible in evidence in a suit afterwards brought by them claiming rights under it.

2. **Limitation.**—When once a claim is established as valid against an estate, the statute of limitation does not affect it while the estate is in process of administration. As to such a claim the statute requiring execution to issue to keep the judgment alive has no application.

3. **Claims Against Estates.**—Under the probate act of 1870 a judgment establishing a claim against an estate was not affected by the requirement of the same act that it should be classified by the Probate Court  Neither was such a judgment affected as to limitation by the probate act of 1876, which required it to be filed with the county clerk in thirty days, entered on the claim docket, and classed by the probate judge.

4. **Judgment—Ratification.**—A suit of forcible detainer brought for land by heirs whose guardian had without authority of law received it in payment of a judgment in favor of the estate, and from an administrator who acted in making the conveyance without authority, can not be regarded such a ratification of the act of the guardian (the suit having been abandoned) as to preclude the heirs from seeking an enforcement of the judgment.

5. **Judgment.**—When a judgment has been rendered in favor of a minor who was represented by one acting as next friend and who was recognized as such by the court, the fact that no order was entered appointing a special guardian will be regarded as an irregularity only, not affecting the validity of the judgment.

APPEAL from Wharton.    Tried below before Hon. W. H. Burkhart.

In August, 1873, F. G. Franks qualified as guardian of the estates of appellees, who were minors, and he gave to Hamilton, Claton, and Ahldag sureties on his guardian bond, to secure them against loss as such, a mortgage on the 1107 acres land involved in this controversy.   On June 11, 1874, Franks died, and on the 22d of said month Jackson Rust applied for letters of administration upon his estate, which in due course were granted to him, and he qualified on the 3rd day of August, 1874, and acted in that capacity until March, 1887, when he was removed by order of the County Court.    After the qualification of Rust and prior to December 12, 1874, Lucretia Johnson, as the mother and next friend of appellees (they having no legal guardian), brought suit in the District Court of Wharton County against Rust in his capacity as administrator of the estate, and against Hamilton, Claton, and Ahldag, the sureties on Frank's guardian bond, for devastavit of appellees' estate.    This suit terminated on the 12th day of December, 1874, in an agreed judgment between the parties against said administrator for $1760.91, and a foreclosure of the mortgage upon the 1107 acres of land given to Hamilton, Claton, and Ahldag, in favor of Lucretia Johnson as mother and next friend of appellees, ordering the administrator Rust to sell the same in due course of administration in the manner provided by law; and apply the proceeds to the payment of said $1760.91.    This order of the court Rust never obeyed, but on the 4th day of January, 1876, he attempted to make a settlement of the judgment by conveying to Lucretia Johnson (then King) 334 acres, part of the 1107 acres foreclosed upon in said suit, and at which time the said Lucretia, *styling* herself as the guardian of appellees, executed and delivered to said Rust, as administrator aforesaid, her receipt acknowledging full satisfaction of said judgment.    On the 18th day of January, 1877, Rust, the administrator, filed his exhibit in the estate, in which he charges himself with the proceeds of said 334 acres conveyed to Lucretia King, and credits himself with the amount of the judgment settled thereby.

On the 5th day of January, 1888 (the administrator Rust having been previously removed for failure to give a new bond on account of the insolvency of one of his sureties thereon), B. D. King was appointed and

qualified as administrator *de bonis non* of said Franks' estate.  He listed said judgment and caused the same to be classified by the court.  On June 1, 1888, appellees filed their application in the County Court of Wharton County for an order to King to sell the land described in said judgment in favor of appellees in order to satisfy the same.  Appellants filed their objections to the approval and classification of this claim and to the granting of an order of sale of the land, alleging that they had become the owners of the land by purchase from the heirs of Franks' estate; that no debts existed against the estate; that the list of debts shown by King were never presented for approval and classification, and were barred by the statute of limitations of ten years.  Appellees filed a supplemental petition, pleading minority.  Upon a trial in the County Court the exceptions and objections of appellants were overruled, and an order and decree entered approving and classifying the claim as of the third class, and ordering the administrator to sell the 1107 acres of land described in appellees' application.  Appellants took the case by appeal to the District Court of Wharton County, where on the 26th day of April, 1889, a similar judgment was rendered, and appellants appealed to the Supreme Court.

*R. M. Brown* and *Pearson & Ballowe,* for appellants. — 1.  Payment of said judgment under the demand of appellees would not relieve the Franks estate or those holding its title from liability thereon to Lucretia Johnson or those claiming under her, in whom all rights, legal and equitable, were vested by said judgment.  Railway v. Styron, 66 Texas, 421; Life Ins. Co. v. Ray, 50 Texas, 511–20; Bank v. Wales, 3 Ct. App. C. C., sec. 244.

2.  The court erred in admitting in evidence and considering (the cause being tried by the court without jury) the said judgment, because thereby was violated the rule that the allegation and proof must correspond, the allegation being that Scott, Forest, and Lillie Myers and Posey Edwards (formerly Posey Myers) recovered a judgment against the estate of F. G. Franks, deceased, etc., whereas the judgment was recovered by Lucretia Johnson, etc.  Railway v. Styron, 66 Texas, 421; Bank v. Wales, 3 Ct. App. C. C., sec. 244.  The judgment introduced in evidence is not in favor of nor was it recovered by appellees.  It awards all the rights thereunder to Lucretia Johnson.  If it was for the benefit of the minors it should have been in their favor instead of hers.

3.  Being deprived of the right to issue execution on a judgment against an estate, the holder thereof must, in order to keep it alive, within thirty days from the rendition of the judgment file a certified copy thereof with the clerk of the proper court, have the same duly entered on the claim docket and classified by the County Court.  Sayles' Civ. Stats., art. 2029; Tiebout v. Millican, 61 Texas, 514.

4.  Appellees were not the plaintiffs in the suit.  Lucretia Johnson

was the plaintiff, and recovered the judgment, not for appellees but for herself; if suing for the minors, the judgment would have been for them. Railway v. Styron, 66 Texas, 421; Life Ins. Co. v. Ray, 50 Texas, 511–20; Abrahams v. Vollbaum, 54 Texas, 226. The acts of Lucretia Johnson in suing and obtaining judgment and settling the same are not binding on appellees, and such acts must be accepted in whole or rejected in whole.

5. Lucretia Johnson recovered the judgment; she adjusted it with Rust, administrator of Franks' estate, by taking a tract of land from the estate. Rust debited and credited said estate with the transaction; his accounting therefor was approved by the court. Appellees now claim the right of recovering under the judgment, and reject the acts of settlement made by Johnson. Railway v. Styron, 66 Texas, 421.

*J. G. Kelley* and *Hawes & Carpenter*, for appellees.— 1. The judgment having been rendered for the sole benefit of appellees, Lucretia Johnson had no beneficial interest in it; hence her heirs and legal representatives could have none. The payment of the same to appellees would forever relieve Franks' estate of further liability thereon. Railway v. Styron, 66 Texas, 421, and authorities cited.

2. While the judgment introduced in evidence is not as technically drawn as it might have been, yet taken in connection with the object of the suit—the mortgage foreclosed thereby—it clearly appears that it was for the sole benefit of the minors, they alone having the cause of action against Franks' estate, and that Lucretia Johnson prosecuted the suit only in the capacity of next friend. Railway v. Styron, 66 Texas, 421, and authorities cited.

3. The probate law of 1870, under which the judgment in question was rendered, did not require the owner of the judgment to file a certified copy of same with the county clerk and have it entered upon the claim docket, classified, etc., within thirty days. Laws 12th Leg., pp. 168, 169, secs. 191, 192, 197–199, 201, 202.

4. The statute of limitations was interrupted by the commencement of the suit against Rust, the administrator, and could not be put in motion again till after the close of the administration. The judgment could be filed and classified at any time before administration was closed. Laws 12th Leg., p. 169, secs. 201, 202.

5. The court did not err in holding that Lucretia Johnson had no authority to settle the judgment with Rust, the administrator of Franks, because she had no title to or interest in the same, it having been recovered by her only in the capacity of next friend for the sole benefit of her minor children. And she not being their legal guardian and having no order of the Probate Court to authorize it, the attempted settlement of said judgment otherwise than as ordered by the court in its rendition was void. Railway v. Styron, 66 Texas, 421; Ball v. Collins, 66 Texas, 467.

COLLARD, Judge.—Appellants contend that the court erred in hold-ing that the judgment rendered in the District Court of Wharton County December 12, 1874, in favor of Lucretia Johnson, the mother and next friend of the minors Scott, Posey, Forest, and Lilly Myers, against the estate of Jackson Rust, deceased, was a vaild and subsisting claim against said estate in favor of claimants, the judgment being in favor of Lucretia Johnson, by whom no rights under the judgment are claimed in this pro-ceeding, she not being a party to this suit.

We deem it sufficient in response to this assignment of error to say that it is apparent that Mrs. Johnson sued for a right of the minors, styling herself their mother and next friend. As such she recovered judgment; she acquired no interest in the judgment, has none, and was not a neces-sary or proper party to this proceeding; the minors were the only bene-ficiaries.

The appellant can not complain that the court admitted the judgment in evidence, because it evidenced only a right in the minors whose appli-cation was before the court and corresponded with the allegations made. For the same reason it was not necessary, in reply to contestants' plea of limitation, to set up any disability in her to sue. Besides this, limitation did not apply to the judgment; it was rendered against the administrator of the Franks estate, which was in course of administration in the courts under the probate laws of the State, which withdrew it from the opera-tion of laws ordinarily controlling as to dormancy of judgments and their period of limitation. Birdwell v. Kaufman, 25 Texas, 191. When once the claim was duly established as a valid claim against the estate, the laws of limitation could no longer apply while the estate was being adminis-tered under the probate law. The judgment needed no revival as against the estate; executions could not issue, and the laws requiring them to issue to keep the judgment alive and to prevent its being barred were, so far as the estate was concerned, suspended during administration. There was and had been no reason to revive the judgment by scire facias against the estate. Had there been an application to revive the judgment against the sureties on the bond, that proceeding might have required the estate to be joined, in order "to pursue the nature of the original judgment." Austin v. Reynolds, 13 Texas, 544; Carson v. Moore, 23 Texas, 450; 24 Texas, 358. Of this we express no opinion.

The law in force at the time the judgment was rendered (the Act of 1870) as to probate matters declared that when a judgment was rendered against the estate the claim was established (2 Pasch. Dig., art. 5667), and we do not think its validity as such claim was affected by the pro-vision of the same act that required such a judgment to be filed and clas-sified by the Probate Court (2 Pasch. Dig., art. 5661), nor was it affected as to limitation by the Act of 1876 (carried into the Revised Statutes by article 2029), which required it to be filed with the county clerk

within thirty days after its rendition, entered on the claim docket, and classed by the probate judge, so as to give it the same effect as if allowed and approved. The claim had been duly established by the laws in force at the time the judgment was rendered, and that was sufficient so far as limitation could affect it. It was filed and classified under King's administration in this proceeding, and the administrator ordered to sell the land in accordance with the foreclosure, and nothing more was necessary.

The appellants can not be held to have ratified the illegal pretended settlement of the judgment by their mother (who executed a receipt to the administrator in payment of the debt for a tract of land belonging to the estate) by their complaint of forcible detainer of the land. The estate of Frank was not bound by the settlement. Rust, the administrator, had no authority without an order of the court to surrender the land or any part of it in satisfaction of the debt, and the proceeding by the heirs, of forcible detainer, could not have bound the estate and conferred upon them the title. The proceeding stopped with the complaint.

Appellants contend that the suit in the District Court by Mrs. Johnson as *next friend* of her minor children could not be maintained, because she was not their legal guardian, and had not at any stage of the suit been appointed their special guardian or guardian *ad litem*.

It was decided by the Supreme Court in the case of Brooke v. Clark that where the statute requires the appointment of a guardian *ad litem* to represent a minor in a suit, it should be strictly followed; yet, when "a judgment was rendered in the District Court in favor of a minor represented by *next friend*, no special guardian having been appointed, the *next friend* having been recognized by the court throughout the proceeding as the proper representative of the minor, without objection by the adverse party, the failure to appoint a special guardian will be regarded as an irregularity only, and not such as to require a reversal of the judgment when urged for the first time after appeal." 57 Texas, 105; Acts of 1870, Pasch. Dig., arts. 6969–73.

In the case before us there is a much stronger reason for sustaining the judgment, because the question is here raised in a collateral attack upon the judgment. The judgment was final, and we can not hold that it was void, or that it should not be enforced because rendered in favor of a next friend of minors.

We have disposed of all the questions of any importance raised by the assignment of errors, and finding no error in the judgment of the court below, conclude it should be affirmed.

*Affirmed.*

Adopted March 25, 1890.