**PALFREY et al. v. HARBORTH et al.**

No. 11044.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 21, 1942.

Boyle, Wheeler, Gresham & Terrell and Richard T. Davis, all of San Antonio, for appellants.

Wimberly & Wimberly, of Yoakum, and Duncan & Davis, of Gonzales, for appellees.

NORVELL, Justice.

This is an interpleader suit. The contest is one between two sets of creditors of a decedent's estate. The controlling question is one of limitation.

Mrs. Frances Perkins Douglass, independent executrix under the last will and testament of J. S. Douglass, her deceased husband, filed this suit on December 6, 1940, and tendered into court the sum of $3,200 for distribution among creditors who might be found justly entitled to receive the same. It was conceded that the material allegations of the bill were true, to-wit: That J. S. Douglass died on September 10, 1932; that his estate was and is insolvent; that Mrs. Frances Perkins Douglass, as independent executrix under the will, took charge of the estate and requested all creditors to file their claims with her; that in December, 1933, the executrix allowed and approved the claims of appellants as valid and just claims against the estate.

It also appears that on June 28, 1934, the executrix paid a two and one-half per cent dividend to the creditors of the estate, including the appellants. Her attorney wrote the various creditors a letter stating that: "At the request of Mrs. Douglass, executrix of the estate of J. S. Douglass, Deceased, I enclose herewith her check for $ (the amount of the dividend), being 2½% dividend declared by the estate. Kindly credit this payment on your note and acknowledge receipt when check has been cashed."

On October 29, 1935, the executrix paid a 6% dividend to creditors. No further dividends were paid.

The trial court concluded that, although the 2½% dividend payments and the letters written by the attorney at the direction of Mrs. Douglass were sufficient to constitute a new promise to pay, the claims of appellants D'Hanis State Bank, E. Zander and Miss F. Zander, became barred by the four-year statute of limitations (Art. 5527, Vernon's Ann.Civil Stats.) on June 28, 1938.

The trial court further concluded that the claims of appellant Mrs. Lee U. Palfrey became barred prior to the filing of the interpleader suit. It appears that these claims were based upon two promissory notes executed by J. S. Douglass, payable in March and October of the year 1936, each, respectively. The executrix, however, had allowed and approved Mrs. Palfrey's claims on said notes in December, 1933, and paid dividends on the same in 1934 and 1935, evidently treating them as matured claims.

We are of the opinion that the trial court erred in holding that the claims above mentioned were barred by limitation.

It is well settled that in an administration of a decedent's estate under the direction of the probate court, the allowance of a claim by the administrator and approval thereof by the probate court suspends the running of the statute of limitations during the pendency of the administration. Wygal v. Myers, 76 Tex. 598, 13 S.W. 567; 14 Tex.Jur. 81, § 329.

Essentially the same consequences must be attached to the actions of the independent executrix in this case. "Management of the estate by an independent executor is 'administration' of the same in contemplation of law." "An independent executor may, without an order of the probate court, do any act which an ordinary executor or administrator could do under such an order." 13 Tex.Jur. 771, § 193.

As "the purpose of an administration is to satisfy the claims of creditors and to distribute the remainder among the heirs, devisees and legatees," 13 Tex.Jur. 598, § 16, it follows that a decedent's estate in the hands of an independent executor is in "the course of administration" until this purpose has been completed or attained.

From the acknowledgment of the justness of appellants' claims when same were not barred by limitation, the payment of dividends thereon, and the letters written to appellants under authority of the testatrix, there is necessarily implied a promise to pay proportionately upon said claims to the extent permitted by the assets of the estate in the due course of administration. The making of such a promise was within the power and authority of the executrix. Howard v. Johnson, 69 Tex. 655, 7 S.W. 522, 523; Park v. Prendergast, 4 Tex.Civ.App. 566, 23 S.W. 535; Daniel v. Harvin, 10 Tex.Civ.App. 439, 31 S.W. 421. Its effect was to suspend the statute of limitations as long as the estate was in the process of administration. Such administration was not completed until the filing of this suit, whereby the executrix tendered into court the remaining assets of the estate for distribution among the creditors of said estate.

We are further of the opinion that the executrix is in no position to assert

**328**

limitation against appellants. In Farmers' and Merchants' Nat. Bank of Waco v. Bell, 31 Tex.Civ.App. 124, 71 S.W. 570, 572, the Austin Court of Civil Appeals sustained appellee's contention that in case of an insolvent estate, "an independent executor holds the property * * * in trust for the benefit of all the creditors, and that those who have not secured preferences by lien prior to the death of the testator cannot secure the same thereafter." It was also held that an injunction would issue to prevent an execution sale of the assets of an insolvent estate, when such sale, if carried out, would result in the preference of one creditor over another.

Considering the legal relationship existing between the executrix and appellants and the actions taken with reference to appellants' claims by her, the approval of the claims, the payment of dividends thereon and the promise to pay, as above set out, we are of the opinion that effect should not be given to her plea of limitation so as to bring about an unjust and inequitable preference among the creditors of the insolvent estate. McNeese v. Page, Tex.Civ.App., 29 S.W.2d 489; 28 Tex.Jur. 246, § 149.

The trial court erred in its judgment wherein appellants were excluded from participation in the fund tendered into court by the executrix.

The judgment of the trial court will be reformed so as to allow this participation, and the judgment as reformed will be affirmed.