Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# OPINION

No. 04-11-00052-CV

In the **ESTATE OF** Edward W. **MELCHIOR**, Deceased

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 1998PC2247-A
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 15, 2012

AFFIRMED

This is an appeal by Kenneth E. Karr, independent administrator of the Estate of Edward W. Melchior ("the Estate"), from a trial court's order granting summary judgment in favor of Wells Fargo Investment Securities, LLC ("Wells Fargo"). The trial court granted Wells Fargo's motion for summary judgment on statute of limitations grounds. On appeal, the Estate contends the trial court erred in granting Wells Fargo's motion for summary judgment because the Estate's claims were not subject to a limitations defense. We affirm.

## BACKGROUND

Melvyn Spillman, a former Bexar County employee, misappropriated some of the Estate's assets by forging a will for the decedent, filing an application to admit the forged will

into probate, obtaining a court order, and then using that court order to obtain letters of administration for the Estate. Spillman then used the letters of administration to obtain control of the Estate's assets. The Estate consisted of money, bank accounts, personal property, a home, household goods, and stocks.

After gaining control of the Estate's assets, Spillman opened an investment account and margin account, with the fraudulently acquired stocks, at Norwest Investment Services, Inc., which later came to be known as Wells Fargo Investments, LLC. The stock in the investment account secured the margin account.

The total cash value of the assets stolen by Spillman from the Estate was approximately $1,131,347.79. In 2001, Spillman was indicted, pled guilty, and was sentenced to ten years in prison.

In 2003, the trial court entered an order probating Melchior's true will and authorized letters testamentary to issue to Eduard J. Karr, Kenneth E. Karr's predecessor. When Eduard passed away, Kenneth was appointed executor of the Estate and filed a request for distribution of the property from the receiver appointed to handle the administration and distribution of the assets seized from Spillman. On February 19, 2004, the trial court issued an order distributing the Estate, including the assets held by Wells Fargo. Wells Fargo then filed an answer and plea in intervention, seeking a determination that the debt incurred by Spillman from the margin account was valid and secured by Melchior stocks.

The trial court issued an amended order on March 3, 2004, finding the Estate owned the stock in the investment account, and ordering Wells Fargo to sell the stock within three days of the order. Because that stock secured the margin account, the trial court authorized Wells Fargo to offset the balance due on the margin account against the stock in the investment account.

After Wells Fargo charged its reasonable and customary fees associated with the sale of the stock, Wells Fargo was ordered to pay the remaining revenue to the Estate within three days of the date of the sale of the stock.  Wells Fargo was also ordered to provide, within ten days of the order, copies of all monthly statements on the investment account from the date Spillman opened the margin account.  All of these orders were in the same March 3, 2004 order:

> The Court finds by a preponderance of the evidence that the Estate of Edward W. Melchior is and has always been the rightful owner[.]
>
> * * *
>
> The Court hereby ORDERS that Wells Fargo cause to be sold all stocks listed on the Attached Exhibit "C" held in the Investment Account.  Wells Fargo is authorized to charge its reasonable and customary fees associated with said sale(s) against the proceeds thereof.  Wells Fargo is hereby ORDERED to sell said stocks within three (3) business days of the receipt of a certified copy of this Order.
>
> * * *
>
> The Court ORDERS Wells Fargo to deduct an amount sufficient to offset the total balance remaining due on the Margin Account from the net proceeds of the sales of the Melchior Stocks only, and, without prejudicing any rights or claims of any Parties to such funds, Wells Fargo is authorized to retain and use such withheld funds in the ordinary course of business pending further Order of this Court.  Upon notice and hearing the Court will enter future orders determining the claims and right, if any, the Estate of Edward Melchior may have in these withheld funds.
>
> * * *
>
> Wells Fargo is ORDERED to (1) pay the remaining revenue derived from the sale of the Melchior Stock directly to the "Estate of Edward Melchior by and through the Estate's attorney of record, Robert J. Barrera, as Trustee", and (2) pay all the remaining revenue derived from the sale of the Receiver's Stock . . . .  The above payments shall be made within three (3) business days of the date of the sale(s) of the stock from the Investment Account and shall be by wire transfer into the respective payee's designated account or by the delivery of a Certified Cashier's Check made payable to the respective Payee.
>
> * * *

The Court is further informed that Wells Fargo may have previously charged amounts to the Investment Account Stocks to service or pay down the Margin Account. The Court hereby ORDERS Wells Fargo to provide copies of all monthly statements and account agreement[s] on the Investment Account, to the extent such statements or agreements are obtainable . . . within ten (10) days of the receipt of this Order. Subsequently, this Court will, upon notice and hearing, enter further orders determining whether such sums should be repaid to the Estate of Edward Melchior and or the Receivership of Mel Spillman.

On September 28, 2008, the Estate first filed suit against Wells Fargo requesting a declaratory judgment based on conversion and sought imposition of a constructive trust. The Estate alleged Wells Fargo improperly withheld the margin account offset funds, improperly used Estate money to pay Spillman's debts, and improperly permitted Spillman to withdraw cash from the accounts knowing the funds had been obtained fraudulently. The Estate sought to recover $193,975.11 in actual damages along with exemplary damages, court costs, and attorney's fees. Wells Fargo responded by filing a motion for summary judgment based on the statute of limitations.

In its motion for summary judgment, Wells Fargo argued that both the two and four-year statute of limitations expired before the Estate filed suit against Wells Fargo. Wells Fargo contended March 4, 2004, was the latest date the causes of action could have accrued because the summary judgment evidence established March 4, 2004, was the date Wells Fargo complied with the March 3, 2004 order by retaining the margin amounts and delivering checks for the remainder. Wells Fargo alleged that because the Estate did not file suit to recover the remainder until September 28, 2008, outside both the two and four-year limitations periods, limitations expired on the Estate's claims.

In response, the Estate first claimed the March 3, 2004 order was not a final order triggering the beginning of limitations. Second, the Estate argued the Estate was not a "plaintiff" who brought a cause of action against a defendant, but an independent administrator who

requested the trial court take action on its order, and thus limitations is irrelevant. The Estate alternatively argued that even if the statute of limitations was applicable, it was suspended because once an executor has been appointed, an estate is open and the statute of limitations is suspended. The trial court granted the summary judgment in favor of Wells Fargo and the Estate appealed.

## ANALYSIS

In one issue, the Estate contends the trial court erred in granting Wells Fargo's motion for summary judgment because the trial court maintained jurisdiction over the specific issues of who was entitled to the margin account offset funds and the use of Estate funds to satisfy Spillman's debts. The Estate argues its claims against Wells Fargo were not subject to a limitations defense. We disagree with the Estate.

The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985); *Littleton v. Prange*, 9 S.W.3d 223, 230 (Tex. App.—San Antonio 1999, pet. denied). To be entitled to summary judgment based on the affirmative defense of the statute of limitations, Wells Fargo had to present summary judgment evidence conclusively proving all the elements of limitations as a matter of law. *See Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 646 (Tex. 2000). If Wells Fargo established that limitations barred the Estate's claims, then, to avoid summary judgment, the Estate must have produced summary judgment evidence raising a fact issue. *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

The party asserting the affirmative defense of limitations must conclusively prove when the cause of action accrued. *KPMG*, 988 S.W.2d at 748. The limitations period for conversion is

two years, and begins to run at the time of the unlawful taking. *Conoco, Inc. v. Amarillo Nat. Bank*, 14 S.W.3d 325, 327 (Tex. App.—Amarillo 2000, no pet.). Limitations for a constructive trust action begins to run when the beneficiary knew or should have known of the cause of action, not from the time the contested will was admitted into probate. *Kelley v. Kelley*, 575 S.W.2d 612, 618 (Tex. Civ. App.—San Antonio 1978, writ denied). The limitations period for a constructive trust action is four years. *Carr v. Weiss*, 984 S.W.2d 753, 762 (Tex. App.— Amarillo 1999, pet. denied).

It is undisputed that the Estate filed suit against Wells Fargo more than four years after the March 3, 2004 order. However, the Estate first contends the March 3, 2004 order was not final, and because the order was not final, the statute of limitations did not begin to run. In this case, we do not believe the issue of finality of the order is relevant.

Limitations begins to run when a cause of action accrues, and the date of accrual is a question of law. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990). A cause of action generally accrues when the alleged wrongful act effects an injury.[1] *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *Moreno*, 787 S.W.2d at 351. Here, the alleged wrongful act was Wells Fargo's withholding of funds due the Estate. If that wrongful act occurred, it occurred no later than March 4, 2004, the date the summary judgment evidence shows Wells Fargo retained the margin amounts, delivered documents relating to the accounts, and delivered checks for the remainder to the Estate. Thus, the Estate's claims accrued, as a matter of law, on March 4, 2004. The Estate

---

[1] An exception to this general rule of accrual is the discovery rule. *S.V.*, 933 S.W.2d at 6; *Moreno*, 787 S.W.2d at 351. The discovery rule is a judicially constructed rule that tolls the running of limitations until the time a plaintiff discovers, or through the exercise of reasonable diligence should discover, the nature of his injury. *Moreno*, 787 S.W.2d at 351. The discovery rule must be specifically pled. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517-18 (Tex. 1988); *Pitman v. Lightfoot*, 937 S.W.2d 496, 510 (Tex. App.—San Antonio 1996, writ denied). It is not applicable in this case because the Estate did not plead it.

has cited no authority, nor have we found any, that links the accrual date of a cause of action to the nature of a trial court's order or judgment as final or interlocutory. As noted above, it is the occurrence of a wrongful act resulting in injury that begins the running of limitations. *Id.* Accordingly, we hold it is irrelevant whether the trial court's March 3, 2004 order was final or interlocutory.

The Estate next argues it was not a "plaintiff" who brought a cause of action against a defendant, but rather an independent administrator who requested the trial court take action on its order, and therefore limitations is inapplicable. The Estate's pleadings contradict this argument. The Estate's pleadings affirmatively show the Estate brought suit against Wells Fargo for conversion and for the imposition of a constructive trust. Thus, the Estate was "a plaintiff" bringing a cause of action against a defendant.

Alternatively, the Estate contends that even if limitations applied and accrued as argued by Wells Fargo, the limitations period was tolled or suspended because the Estate administration was still pending in the probate court. The Estate cites to *Palfrey v. Harborth* for this proposition. 158 S.W.2d 326 (Tex. Civ. App.—San Antonio 1942, writ ref'd).

In *Palfrey*, a creditor submitted claims to the estate administrator, the administrator allowed the claims based on two promissory notes, and the trial court approved of the claims. *Id.* at 327. After some time had passed, the creditor filed suit. *Id*. The trial court found the creditor's claims were barred because the statute of limitations had run. *Id*. On appeal, this court held: "It is well settled that in an administration of a decedent's estate under the direction of the probate court, the allowance of a claim by the administrator and approval thereof by the probate court suspends the running of the statute of limitations during the pendency of the administration." *Id*.

*Palfrey* is unpersuasive under the facts before us. The *Palfrey* court held that when a creditor has a claim against an estate, the estate administrator acknowledges and allows the claim, and the estate is still pending in the trial court, limitations does not begin to run on the creditor's claim against the estate. *Id.*; *see also Wygal v. Myers*, 12 S.W. 567, 568 (Tex. 1890) (holding that "[w]hen the claim was duly established as a valid claim *against the estate*, the laws of limitation could no longer apply while the estate was being administered under the probate law.") (emphasis added). In situations described in *Palfrey* and *Wygal*, it would be inequitable for limitations to run on a creditor's claim when it is the administrator who must tender the funds to the creditor. However, that fact scenario is not the one before this court–in this case, the Estate brought suit against a third party. Accordingly, *Palfrey* does not mandate a tolling of limitations in this case.

The Estate has cited to no authority other than *Palfrey*, and we can find none that holds the statute of limitations is tolled during the administration of the estate for claims *by the estate*.[2] Therefore, we hold the statute of limitations was not tolled or suspended on the Estate's claims against Wells Fargo.

Having determined the Estate is incorrect with regard to the accrual and suspension of limitations, we must now determine if, in fact, limitations bars the Estate's claims as asserted in Wells Fargo's motion for summary judgment. We hold that it does.

The Estate sued Wells Fargo for conversion and imposition of a constructive trust. In its motion for summary judgment, Wells Fargo argued the Estate's causes of action accrued at least by March 4, 2004, the date Wells Fargo established it complied with the March 3, 2004 order by

---

[2] We recognize that "[t]he death of a person against whom or in whose favor there may be a cause of action suspends the running of any applicable limitations period for 12 months after the death." TEX. CIV. PRAC. & REM. CODE ANN. § 16.062(a) (West 2008). However, this provision is not relevant to our decision in this appeal.

retaining the margin amounts, delivering the checks for the remainder, and delivering the required documentation.

"Conversion is classically defined as the unauthorized and wrongful assumption and exercise of dominion and control over the property of another, to the exclusion of or inconsistent with the owner's rights." *Rogers v. Ricane Enters., Inc.*, 930 S.W.2d 157, 165 (Tex. App.—Amarillo 1996, writ denied). Limitations for conversion is two years from the time of the unlawful taking. *Conoco, Inc.*, 14 S.W.3d at 327. The Estate alleged Wells Fargo converted the Estate's money. We hold the statute of limitations ran on the Estate's conversion claim. Once it received the documents from Wells Fargo pursuant to the court's March 3, 2004 order, the Estate knew or should have known of any improper conduct by Wells Fargo. However, the Estate did not file any claim against Wells Fargo until September 28, 2008. Accordingly, because the suit for conversion was not filed until September 28, 2008, and the statute of limitations was two years, the limitations period had expired well before the suit was filed.

A constructive trust is an equitable remedy to prevent unjust enrichment. *Medford v. Medford*, 68 S.W.3d 242, 248 (Tex. App.—Fort Worth 2002, no pet.). "When the legal title to property has been obtained through means that render it unconscionable for the holder of legal title to retain the beneficial interest, equity imposes a constructive trust on the property in favor of the one who is equitably entitled to the same." *Id.* at 249. Limitations for constructive trust is four years from the time the beneficiary knew or should have known of the cause of action. *Carr*, 984 S.W.2d at 762; *Kelly*, 575 S.W.2d at 618. In its petition, the Estate argued it was entitled to a constructive trust on any and all monies received by Wells Fargo through the fraudulent conveyance by Spillman. We hold the statute of limitations ran on the Estate's constructive trust claim. As stated above, the Estate knew or should have known within days

after receiving the court-ordered documentation regarding the accounts if Wells Fargo acted improperly with regard to Estate funds. However, the Estate did not file suit against Wells Fargo based on the alleged improprieties for more than four years. Therefore, because the suit for constructive trust was not filed until September 28, 2008, and the statute of limitations was four years, the limitations period had expired before the suit was filed.

## CONCLUSION

Based on the foregoing, we hold the trial court did not err in granting Wells Fargo's motion for summary judgment, and we affirm the trial court's judgment.

Marialyn Barnard, Justice