

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00085-CV

Elizabeth **WEYEL**,
Appellant

v.

James **HOPSON** and American Bank of Texas, NA f/k/a State Bank & Trust of Seguin,
Appellees

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 12-1630-CV
Honorable William Old, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

This is an appeal from summary judgments in favor of appellees James Hopson and American Bank of Texas, NA f/k/a State Bank & Trust of Seguin ("American Bank").  On appeal, appellant Elizabeth Weyel contends the trial court erred in: (1) finding she failed to plead the discovery rule; (2) granting summary judgment based on limitations; and (3) finding American Bank owed her only a contractual duty.  We affirm in part, and reverse and remand in part.

**BACKGROUND**

In 2003, Weyel acquired a $400,000.00 distribution from her ex-husband's IRA as a result of her divorce. Looking for an investment opportunity, Weyel expressed interest in investing in a mini-storage facility for $600,000.00. Weyel subsequently sought advice from Hopson, an attorney and CPA, to help her structure the investment. Hopson designed a plan by which Weyel would use a number of sources to purchase a one-half interest in a mini-storage facility. According to Weyel, Hopson advised she could utilize money from her IRA for the investment so long as the IRA was self-directed. Based on Hopson's advice, Weyel opened a self-directed IRA with American Bank, which acted as the trustee of the IRA.

Thereafter, Hopson drafted documents to create Greinke Mini-Storage, Ltd. The following individuals and entities were the owners of the facility: Rinn Management, Ltd. (0.5%), Greinke Management (0.5%), Weyel (16.5%), Weyel's self-directed IRA (33%), and Ken Greinke (49.5%). Weyel was also the sole owner of Rinn Management, Ltd.

Weyel instructed American Bank to invest $400,000.00 from her self-directed IRA in Greinke Mini-Storage, Ltd. On December 28, 2010, American Bank notified Weyel, advising her the investment constituted a disqualified investment pursuant to Section 4975 of the Internal Revenue Code. Section 4975 prohibits investments from a self-directed IRA into a business where ownership of the business is equal to 50% by the individual owning the IRA. Consequently, Weyel incurred tax consequences in the amount $64,748.00 as well as other legal and accounting fees. In addition to these fees, Weyel arranged for Greinke Mini-Storage, Ltd. to borrow $419,000.00 to repay her self-directed IRA within a fourteen day window to avoid additional penalties and interest.

On August 16, 2012, Weyel filed suit against Hopson and American Bank, alleging negligence. She claimed Hopson and American Bank breached a legal duty owed to her by failing

to identify the investment as a disqualified investment. In response, Hopson moved for traditional summary judgment, asserting a limitations defense. American Bank filed traditional and no-evidence motions for summary judgment on multiple grounds. The trial court rendered judgment in favor of Hopson and American Bank, granting their respective motions for summary judgment. In its judgment, the trial court did not state its basis for granting the motions.[1] This appeal followed.

## ANALYSIS

On appeal, Weyel argues the trial court erred in: (1) determining she did not plead the discovery rule; (2) granting summary judgment based on limitations; and (3) granting summary judgment with regard to duty.

### Standard of Review

We review the trial court's granting of traditional and no evidence motions for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Whether reviewing a traditional or a no evidence summary judgment, we take all evidence favorable to the nonmovant as true. *See Valence Operating*, 164 S.W.3d at 661; *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). We also "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *See Joe*, 145 S.W.3d at 157.

A no evidence summary judgment is essentially a pretrial directed verdict. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *DTND Sierra Invs., LLC v. Deutsch Bank Nat'l*

---

[1] We note the trial court sent the parties a letter explaining it was granting the motions because: (1) Weyel did not plead the discovery rule as a defense to limitations; (2) American Bank owed no duty beyond a contractual duty to Weyel; and (3) Weyel's suit is barred by limitations. However, a letter to the parties is not conclusive as to the bases for a trial court's summary judgment ruling because a letter cannot be considered on appeal for providing the reasons for a summary judgment. *Trahan v. Fire Ins. Exch.*, 179 S.W.3d 669, 676 n.2 (Tex. App.—Beaumont 2005, no pet.); *Sharpe v. Roman Catholic Diocese of Dallas*, 97 S.W.3d 791, 796 (Tex. App—Dallas 2003, pet. denied).

*Trust Co.*, No. 04-12-00817-CV, 2013 WL 4483436, at *2 (Tex. App.—San Antonio Aug. 21, 2013, pet. denied) (mem. op.). Only after an adequate time for discovery passes may a party without the burden of proof at trial move for summary judgment on the ground that the nonmoving party lacks supporting evidence for one or more essential elements of its claim. *See* TEX. R. CIV. P. 166a(i); *DTND Sierra Invs.*, 2013 WL 4483436, at *2; *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682–83 (Tex. App.—Dallas 2000, no pet.). The moving party must specifically state the elements for which no evidence exists. TEX. R. CIV. P. 166a(i); *Timpte Indus.*, 286 S.W.3d at 210; *DTND Sierra Invs.*, 2013 WL 4483436, at *2. The nonmovant must produce more than a scintilla of evidence in order to raise a fact issue on the challenged elements. *DTND Sierra Invs.*, 2013 WL 4483436, at *2; *Martinez v. Leeds*, 218 S.W.3d 845, 848 (Tex. App.—El Paso 2007, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). If the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to the challenged elements, then the trial court must grant the no evidence motion. TEX. R. CIV. P. 166a(i); *DTND Sierra Invs.*, 2013 WL 4483436, at *2.

To prevail on a traditional motion for summary judgment, however, the moving party bears the initial burden to establish no genuine issue of material fact exists, and therefore, he is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). A movant can meet this burden by either conclusively negating at least one of the essential elements of the plaintiff's cause of action or establishing all of the essential elements of his affirmative defense. *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004) (citing *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995)); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

When both a traditional and no evidence motion for summary judgment are filed, we typically analyze the validity of the no evidence motion before reviewing the traditional motion. *See Ford Motor Co., v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004) ("If the plaintiffs fail to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether [the nonmovant's] proof satisfied the Rule 166a(c) burden.); *Tatsch v. Chrysler Grp., LLC and Infinity Cnty. Mut. Ins. Co.*, No. 04-13-00757-CV, 2014 WL 6808637, at *6 (Tex. App.—San Antonio Dec. 3, 2014, no pet. h.) (mem. op.). Accordingly, we will review American Bank's no evidence motion first.

*American Bank's No Evidence Motion for Summary Judgment*

Weyel sued Hopson and American Bank for negligence. To establish negligence, a plaintiff must prove: (1) the existence of a legal duty; (2) a breach of the legal duty; and (3) damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc., v. Mason*, 143 S.W.3d 795, 798 (Tex. 2004). In its no evidence motion for summary judgment, American Bank asserted there was no evidence: (1) it owed Weyel a legal duty beyond a contractual duty; (2) it breached any duty; or (3) any breach proximately caused Weyel's alleged injuries.

As noted above, the trial court granted summary judgment in favor of American Bank and Hopson without stating therein the basis for its judgment. When a party moves for summary judgment on multiple grounds and the trial court does not specify the grounds upon which judgment was granted, the burden is on the appellant to negate all possible grounds upon which the summary judgment could have been granted by either asserting a separate issue challenging each possible ground, or asserting a *Malooly* issue and within that issue providing argument negating all possible grounds upon which judgment could have been granted. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995) (citing *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.

1989)); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied); *see Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.); *see also Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

On appeal, Weyel does not challenge any of the grounds raised by American Bank in its no evidence motion for summary judgment. Admittedly, in her third appellate issue, Weyel argues the trial court erred in granting summary judgment based on American Bank's claim that it owed her no duty beyond a contractual duty. However, Weyel specifically limits this argument to the trial court's granting of American Bank's traditional motion for summary judgment. American Bank filed both a traditional motion for summary judgment and a no evidence motion for summary judgment. Even if we were to credit the no duty argument in the brief to the no evidence motion, Weyel still failed to challenge American Bank's claim that there was no evidence of a breach or proximate cause. Thus, she has still failed to challenge on appeal each possible ground upon which the trial court could have granted American Bank's no evidence motion for summary judgment.

When, as here, the appellant fails to challenge each possible ground upon which summary judgment could have been rendered, we must uphold the summary judgment. *See Roberts v. Wells Fargo Bank, N.A.*, 406 S.W.3d 702, 710 (Tex. App.—El Paso 2013, no pet.); *Jarvis*, 298 S.W.3d at 313. Accordingly, we affirm the trial court's granting of American Bank's no evidence motion for summary judgment. By affirming the granting of the no evidence motion, we need not address the propriety of granting American Bank's traditional motion for summary judgment. *See Ridgeway*, 135 S.W.3d at 600; *Tatsch*, 2014 WL 6808637, at *6.

*Hopson's Traditional Motion for Summary Judgment*

We must now determine whether Hopson's traditional motion for summary judgment was properly granted. Hopson contends the trial court properly granted summary judgment in his favor based on limitations.

When a defendant moves for summary judgment based on the affirmative defense of limitations, he has the burden to conclusively establish that defense. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). To meet this burden, the defendant must: (1) conclusively prove when the plaintiff's cause of action accrued; and (2) negate the discovery rule, if it applies and was pled. *KPMG Peat Marwick*, 988 S.W.2d at 748.

Here, Weyel sued Hopson for negligence. A cause of action for negligence is governed by the two-year limitations period set out in section 16.003 of the Texas Civil Practice and Remedies Code. *Hunt Oil Co. v. Live Oak Energy, Inc.*, 313 S.W.3d 384, 387 (Tex. App.—Dallas 2009, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West 2014)). Thus, a claim for negligence must be brought within two years of the date the claim accrues. *Id.* Generally, a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of the injury, and even if all resulting damages have yet to occur. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex. 1998) (citing *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)); *see In re Estate of Melchior*, 365 S.W.3d 794, 799 (Tex. App.—San Antonio 2012, pet. denied).

Hopson did not attach any evidence in support of his traditional motion for summary judgment. Rather, he relies on Weyel's pleadings to establish his limitations defense as a matter of law. In general, pleadings do not constitute competent summary judgment evidence. *H20 Solutions, Ltd. v. PM Realty Group, LP*, 438 S.W.3d 606, 616 (Tex. App.—Houston [1st Dist.] 2014, pet. filed); *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 356-57 (Tex. App.—Houston [1st Dist.] 2012, no pet.). However, a party can defeat her own claim if she pleads facts that affirmatively negate her claim. *H20 Solutions, Ltd.*, 438 S.W.3d at 616-17; *Khan*, 371 S.W.3d at 357. When pleadings "contain statements rising to the level of judicially admitting a fact or conclusion which is directly adverse to that party's theory or defense of recovery," then pleadings

may serve as summary judgment evidence. *H20 Solutions, Ltd.*, 438 S.W.3d at 617; *Khan*, 371 S.W.3d at 357.

A judicial admission occurs when a pleading contains a statement of fact which conclusively disproves the right of recovery or defense she is currently asserting. *H20 Solutions, Ltd.*, 438 S.W.3d at 617; *Khan*, 371 S.W.3d at 357. A statement constitutes a judicial admission when the statement: (1) is made in the course of a judicial proceeding; (2) is contrary to an essential fact or defense asserted by the party; (3) is deliberate, clear, and unequivocal; (4) is not destructive of the opposing party's theory of recovery or defense; and (5) the enforcement of the statement as a judicial admission would be consistent with public policy. *H20 Solutions, Ltd.*, 438 S.W.3d at 617; *Khan*, 371 S.W.3d at 357; *Kaplan v. Kaplan*, 129 S.W.3d 666, 669 (Tex. App.—Fort Worth 2004, pet. denied).

In his summary judgment motion, Hopson cites to Weyel's original petition, arguing Weyel judicially admitted the investment occurred in 2003. Therefore, according to Hopson, her claim for negligence accrued at that time as a matter of law. However, we reviewed Weyel's pleadings, and her pleadings merely state she acquired $400,000.00 in 2003, and she hired Hopson to help her structure an investment plan. There is nothing in her pleadings that would amount to a judicial admission as to when she acted on Hopson's advice or actually made the investment. Accordingly, we hold Weyel did not judicially admit that her cause of action against Hopson accrued in 2003. Although there is no dispute as to when suit was filed, Hopson did not establish as a matter of law when Weyel's negligence claim accrued. Therefore, Hopson failed to establish his limitations defense as a matter of law and he was not entitled to summary judgment on that basis. Because Hopson failed to establish as a matter of law when Weyel's cause of action accrued, we need not decide whether she pled the discovery rule.

## CONCLUSION

Based on the foregoing, we affirm the trial court's summary judgment in favor of American Bank. However, we reverse the trial court's summary judgment in favor of Hopson and remand the cause as to Hopson for further proceedings.

Marialyn Barnard, Justice